IN THE MIDDLE DISTRICT OF FLORIDA

FEDERAL COURT

*Orlando* DIVISION

PHILLIP R. WASSERMAN
    Plaintiff

      VS.                                 CASE No.

ROCHELLE BEDKE, individually
RACHEL JONES,       "
GABRIEL ACOSTA,    "
STEPHEN HOWLAND,   "
ADAM ALLEN,        "
LAUREN KOCZINSKY,  "
SEAN BATSCH,       "
     Defendants

1) This is a suit for compensatory and punitive damages in the amount five hundred million dollars ($500,000,000)

2) Plaintiff seeks a trial by jury on all counts.

3) All defendants are sued in their individual capacity.

4) Venue is correct in Tampa, Florida as Plaintiff is a resident of the Middle District of Florida and all defendants are believed to be Florida residents.

5) Defendants Batch and Koczinski do not have qualified immunity as outlined in attached memorandums of law.

6) Defendants Bedke and Jones do not have either absolute or qualified immunity as outlined in the attached memorandums of law.

7) Defendants Howland and Acosta do not have qualified immunity as outlined in the attached memorandums of law.

## DEFENDANTS

8) Rochelle Bedke is a corrupt former Assistant United States Attorney. This defendant has a sordid past of framing innocent defendants (see the

infamous baby Sabrina case) and was responsible for costing the government millions of dollars in uncontested fees in the largest uncontested award under the Hyde amendment for her illegal and unethical behavior.

9) Rachael Jones is an Assistant United States Attorney in Tampa.

10) Gabriel Acosta is the manager of the Tampa office of Florida Department of Financial Regulation (OFR).

11) Stephen Howland is a former OFR agent.

12) Adam Allen is a Federal Public Defender in Tampa.  He represented Plaintiff's co-defendant Rossman.  Allen is currently accused of ineffectiveness of counsel in an unrelated case.

13) Lauren Koczinski is an IRSCID agent.

14) Sean Batsch is a former IRSCID agent.

## COUNT 1
### DEFAMATION AND LIBEL

15) Plaintiff sues defenants Bedke and Jones for defamation and libel for putting out a press release accusing Plaintiff of lying by promising an audit to his investors and never delivering it.

16) Both defendants knew this was false as Plaintiff had entered into evidence a forensic accounting during his trial.

17) Both defendants knew this was false as the government paid for part of #16 above.

18) Defendants did this intentionally, maliciously and wantanly.

19) Defendant Bedke has a history of lying to Grand Juries and Courts, has been chastized by both a Federal Judge and Magistrate for aiding false testimony in the infamous Baby Sabrina case.

20) Plaintiff submits defendants would even lie when the truth sounds better.

21) As a result of defendants actions Plaintiff was harmed.

22) Defendants have no immunity for libel and defamation outside Court proceedings.

23) Whereby Plaintiff demands compensatory and punitive damages for Count 1.

## COUNT 2
### CONSPIRACY - COVERUP OF ROSSMAN SEVERE MENTAL ILLNESS

24) Plaintiff sues all defendants for conspiracy in covering up co-defendant Rossman's severe mental illness, his psychiatric care and use of anti-psychotic medication while testifying.

25) Since the case proceeded against Plaintiff without proper jurisdiction (see Plaintiff's exhibits) no defendants have immunity.

26) Defendants Bedke and Jones discovered the information about Rossman in the investigative process.

27) Defendant Allen sat through Rossman's entire testimony while serving as an officer of the Court yet never notified the Court of his client's false testimony.

28) This conspiracy was to frame Plaintiff, a former anti-government lawyer and activist, regardless of the truth.

29) Defendant Batsch made many comments to witnesses that he would "get" the Plaintiff.

30) As a result of this conspiracy Plaintiff suffered damages.

31) All defendants except Allen violated a direct court order referencing

the Due Process Protections Act.

32)  Plaintiff attached and incorporates as exhibits (1-7 ) outlining the Law regarding defendants lack of jurisdiction and illegal actions and violation of Court Order.

33)  All defendants were aware of Rossman's severe mental illness,  his psychiatric care and use of anti-psychotic medication and worked together and in tandem to hide it from the Plaintiff and the Courts and the press.

34)  Plaintiff seeks compensatory and punitive damages.

**COUNT 3**
**CONSPIRACY - COVER UP OF FBI INVOLVEMENT**

35)  Plaintiff realleges 1-34 and all Law and fact cited and incorporated in attached exhibits.

36)  Count 3 is against all defendants except public defender Allen.

37)  As laid out in the attached exhibits,  Defenders Howland and Batsch brought an investigation of Plaintiff to the FBI.

38)  All defendants in this court case were aware the FBI looked into the case and refused it.

39)  Despite not having jurisdiction over non-tax criminal violations, all defendants illegally covered up the lack of the FBI involvement (See exhibits 1-7 )

40)  As a result Plaintiff was severely harmed.

41)  No defendants have immunity as there was never jurisdiction to bring charges in counts 1-10 against Plaintiff.

42)  Whereby Plaintiff demands compensatory and punitive damages for Count 3 against all defendants except defendant Allen, the public pretender.

**COUNT 4**
**CIVIL RICO**

43)  Plaintiff re-incorporates 1-42 and the law and facts of all exhibits.

44) Count 4 is against all defendants.

45) All defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his reputation, finances, and liberty.

46) This conspiracy was unlawful, intentional and malicious. The Rico conspiracy created the alleged scheme.

47) The defendants' actions were in concert with one another and a violation of a myriad of both state and federal laws.

48) Defendants did this without any regard for the truth, or any oath of office.

49) Plaintiff alleges that it is no coincidence that Bedke and Batsch both retired.

50) Plaintiff has found out that one potential witness, under investigation by Homeland Security for a crime unrelated to allegations against Plaintiff was offered immunity if he "changed his favorable testimony about Plaintiff."

51) While Plaintiff's allegations appear to be drastic, taken into account the past corruption of Bedke, the proven lies of Howland and Batsch, and the law and facts laid out in exhibits (1 -7), there is no doubt all defendants engaged in civil racketeering.

52) Plaintiff demands compensatory, punitive and treble damages for Count 4.

Whereby Plaintiff demands a trial by jury on all counts and compensatory, punative and treble damages in the minimum amout of $500,000,000 (five hundred million dollars).

Phillip Wasserman