EXHIBIT FOUR (4)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                          Case No: 8:20-cr-207-CFH-NHA

PHILLIP ROY WASSERMAN

### ADDENDUM TO DEFENDANT'S RULE 33 MOTION

#### GROUND 12

All evidence obtained by the IRS and it's agents unrelated to taxes after the withdrawal of the FBI's investigation into Defendant Wasserman was obtained through illegal police misconduct from lack of jurisdiction and was inadmissable. This starts at the investigation stage, to the grand jury, to Batsch acting as case agent in a case unrelated to tax matters to summaries and debt charts that he (Batsch) testified to that were totally unrelated to taxes. This also includes any evidence of emails obtained that were unrelated to taxes yet introduced at Defendant's trial.

The IRS and its agents conducted hundreds of interviews in none were tax questions about the defendant asked.

When the police forgoe legal means of investigation simply in order to obtain evidence in violation of a suspect's constitutional rights, the need to deter is paramount and requires application of the exclusionary rule. The Defendant cites to the Court United States v. Satterfield, 743 F 2d. at 827, 846-847 (11th Cir. 1984).

Justice and the law requires the conviction and sentence be vacated and dismissed with prejudice.

Date:_____12-1-25_____

Respectfully submitted,

## CERTIFICATE OF SERVICE

I certify that a copy of the motion was mailed via first class mail on this date to the U.S. Attorney's Office, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602.

Date:_____12/1/25_____

Phillip Roy Wasserman