EXHIBIT SEVEN (M)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                                    CASE No. 8:20-cr-207-CEJ-NHA

PHILLIP ROY WASSERMAN

MOTION FOR VACATE OF DEFENDANT'S CONVICTION AND SENTENCE
DUE TO VIOLATION OF THE DUE PROCESS PROTECTIONS ACT
AND MOTION FOR CONTEMPT

Defendant moves this Court to vacate his conviction and sentence for
intentional and malicious violation of the Due Process Protections Act and cites
the order of such:

Pursuant to the Due Process Protections Act, the Court confirms the United
States obligation to disclose to the defendnat all exculpatory evidence-that is,
evidence that favors the defendant or casts doubt on the United States' case,
as required by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2D 215
(1963) and its progeny, and ORDERS the United States to do so. The government
has a duty to disclose any evidence that goes to negating the defendant's guilt,
the credibility of a witness, or that would reduce a potential sentence. The
defendant is entitled to this information without a request. Failure to disclose
exculpatory evidence in a timely manner may result in consequences, including
dismissal of charges, contempt procedings, disciplinary action, or sanctions
by the Court. July 21, 2022 (2023 U.S. Dist. LEXIS 2) Order at 7.

This Order also applies to exculpatory material as defined in Kyles v.
Whitley, 514 US 419, 434, 115 S.Ct. 1555, 131 L.Ed. 490 (1995). Exculpatory
information is not limited to information that would constitute admissable
evidence.

Former OFR Agent Howland admitted to the violstion in his testimony cited in defendant's Rule 33 motion pending before this Court. In addition defendant points to the government's duplicitous actions in intentionally not disclosing co-defendant Rossman's history of severe mental illness, psychiatric care and use of anti-psychotic medication (an issue currently on appeal and admitted by government.)

In addition defendant moves for the government, along with former AUSA Bedke, AUSA Jones, former OFR Agent Howland and former IRS Agent Batsch be held in contempt of Court for intentional violation of the Due Process Protections Act.

Respectfully Submitted,

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                              CASE No. 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

SUPPLEMENTAL LAW FOR VIOLATION OF
DUE PROCESS PROTECTIONS ACT

Defendant files these supplemental cases of District Courts in the 11th Circuit regarding the violation of the Due Process Protections Act, a motion which he states is part of his Rule 33 motion for a new trial.

United States v. Wright, U.S. District Court for Southern District of Georgia, Savannah Division, 2023 U.S. Dist. Lexis 159509, May 25, 2023. Pursuant to the recently-enacted Due Process Protections Act, Pub.L. 116-182, 134 Stat. 894 (2020), and its revisions to Federal Rule of Criminal Procedure 5(f)(1), Id §2, the Court is required, "on the first scheduled date when both prosecutor and defense counsel are present," to "confirm the disclosure obligation of the prosecutor under (Brady) and its progeny...,"Id. An exhaustive present-ation of the "possible consequence of violating [this order] under applicable law," is not feasible in this context. Beyond the obvious possibility of exposing the United States Attorney's Office to charges of prosecutorial misconduct, Brady violations also portend serious consequences to the Government's case. a prominent treatise summarizes the possible consequences as including, but not limited to, a new trial and, in particularly flagrant cases, dismissal. See 2 Andrew D. Leopold, Federal Practice and Procedure §256 (4th ed. 2023), cf. United States v. Nejad, 487 F. Supp. 3d 206, 225 (S.D.N.Y. 2020)(explaining, in a case involving serious misconduct by prosecutors, including withholding

evidence, that "[t]he cost of such Government misconduct is high. With each misstep the public faith in the criminal-justice system further erode. With each document wrongfully withheld, an innocent person faces the chance of a wrongful conviction. And with each unforced Goverment error, the liklihood grows that a reviewing court will be forced to reverse a conviction or even dismiss an indictment, resulting in wasted resources, delayed justice, and individuals guilty of crimes potentially going unpunished").

United States v. Cavanaugh, U.S. District Court for the Northern District of Florida, Pennsacola Division, 2023 U.S. Dist. Lexis 246496; 2023 LX 39956, Sept. 13, 2023. Pursuant to the Due Process Protections Act, the Court confirms the United States obligation to produce all excultpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed 2d (1963), and its progeny and orders the United States to do so no later than fourteen (14) days before the first day of the trial term in which the case is set for trial. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt procedings, and sanctions.

United States v. Matias, U.S. District Court for the Northern District of Georgia, Atlanta Division, 2022 U.S. Dist. Lexis 218323, November 10, 2022. Pursuant to Brady and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), the Government must disclose evidence favorable to the defendant and must disclose impeachment evidence. United States v. Quinn, 123 F.3d 1415, 1421 (11th Cir. 1997). The Government's Brady obligations were expanded by the amendment of Rule 5 of the Federal Rules of Criminal Procedure. Subsection (f)(1) provides:

(f) REMINDER OF PROSECUTORIAL OBLIGATION -(1) IN GENERAL. In all criminal procedings, on the first scheduled court date when both prosecutor and defense

counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady (cite omitted) and its progeny, and the possible consequences of violating such order under applicable law.

In accordance with this new provision, prosecutors in this District are now advised that:  Pursuant to the Due Process Protections Act, see Fed. R. Crim. P 5(f), the government is directed to adhere to the disclosure obligations set forth in Brady (cite omitted) and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under Brady, Giglio, and their progeny.  Exculpatory material as defined in Brady and Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed. 2d 490 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissable evidence.  The failure of the government to comply with its Brady obligations in a timely manner may result in serious consequences,  including but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instruct-ions, contempt procedings, or other remedies that are just under the circumstances.

United States v. Conner, U.S. District Court for the Southern District of Georgia, Augusta Division, 2022 U.S. Dist. Lexis 99596, June 3, 2022. Pursuant to the Due Process Protections Act, the Court confirms the government's obligation to produce all exculpatory evidence to Defendant pursuant to Brady and its progeny, and ORDERS it to do so.  Failing to do so in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt procedings or sanctions by the Court.

United States v. Greene, U.S. District Court for the Southern Disrict of

Georgia, Augusta Division, 2022 U.S. Dist. Lexis 23450, February 9, 2022. Pursuant to the Due Process Protections Act, the Court confirms the government's obligation to produce all exculpatory evidence to Defendant pursuant to Brady, and its progeny, and ORDERS it to do so. Failing to do so in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt procedings, or sanctions by the Court.

Defendant reiterates this violation has been proven by him, and was not rebutted by the Government in their response. Defendant restates his previous request for immediate bond and all relief requested.

In accordance with the case law submitted by defendant in his Memorandum of Law and Argument, defendant recites the Law citing that the "totality of the circumstances" and "entire trial record" must be taken into account. Including the Rossman suppression of evidence, thus making the suppression of the newly discovered exculpatory evidence even more egregious.

Defendant respectfully points out again the government's actions were Violation of a Direct Court Order and should be treated as such.

Respectfully Submitted,

Date:___10 -15-25___

## CERTIFICATE OF SERVICE

I certify that a copy of this document was mailed first class postage to the U.S. Attorneys Office, 400 North Tampa Street, Suite 3200, Tampa FL 33602;  Attorney General Bondi, Washington, D.C.; and FBI Director Patel, Washington, D.C.

Date:___10·15·25___

Phillip Roy Wasserman