

IN THE MIDDLE DISTRICT OF FLORIDA
FEDERAL COURT
ORLANDO DIVISION

PHILLIP R. WASSERMAN
    Plaintiff

V.                                 CASE No. 6:25-cv-02498-AGM-RMN

RACHELLE BEDKE,  individually
RACHEL JONES,        "
GABRIEL ACOSTA,     "
STEPHEN HOWLAND,    "
ADAM ALLEN,         "
LAUREN KOCZINSKY,   "
SEAN BATSCH,        "
KENNETH ROSSMAN,    "
    Defendants             AMENDED COMPLAINT

1) This is a suit for compensatory and punitive damages in the amount of five hundred million dollars ($500,000,000)

2) Plaintiff seeks a trial by jury on all counts.

3) All defendants are sued in their individual capacity.

4) Venue is correct in Orlando, Florida as Plaintiff is a resident of the Middle District of Florida and all defendants are believed to be Florida residents. Also, the majority of incidents occurred in the Middle District. Jurisdiction is proper under 28 U.S.C. §1331 because this action arises under the laws of the United States, including the civil remedies provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1964(c). This Court also has jurisdiction pursuant to 18 U.S.C. §1965. The Court has supplemental jurisdiction over related state-law claims, including defamation/libel, under 28 U.S.C. §1367(a) because those claims form part of the same case or controversy as the federal claims.

Venue is proper in the Middle District of Florida under 28 U.S.C. §1391(b) because all defendants reside in this district and all defendants reside in

Florida and a substantial part of the events or omissions giving rise to the claims occurred in this district.  Venue is also proper under 18 U.S.C.§1965(a) to the extent Plantiff asserts civil RICO claims.

5)  Defendants Batsch and Koczinsky do not have qualified immunity as outlined in attached memorandum of law.

6)  Defendants Bedke and Jones do not have either absolute or qualified immunity as outlined in the attached memorandum of law.

7)  Defendants Howland and Acosta do not have qualified immunity as outlined in the attached memorandum of law.

## DEFENDANTS

8)  Rachelle Bedke is a corrupt former Assistant United States Attorney. This defendant has a sordid past of framing innocent defendants (see the infamous baby Sabrina case) and was responsible for costing the government millions of dollars in uncontested fees in the largest uncontested award under the Hyde amendment for her illegal and unethical behavior.

9)  Rachel Jones is an Assistant United States Attorney in Tampa.

10)  Gabriel Acosta is the manager of the Tampa office of Florida Department of Financial Regulation (OFR).

11)  Stephen Howland is a former OFR agent.

12)  Adam Allen is a Federal Public Defender in Tampa.  He represented Plaintiff's co-defendant Rossman.  Allen is currently accused of ineffectiveness of counsel in an unrelated case.

13)  Lauren Koczinsky is an IRSCID agent.

14)  Sean Batsch is a former IRSCID agent.

15)  Kenneth Rossman was a co-defendant of petitioner.

## COUNT 1
### DEFAMATION AND LIBEL

16) Plaintiff sues defendants Bedke and Jones for defamation and libel for putting out a press release accusing Plaintiff of lying by promising an audit to his investors and never delivering it.

17) Both defendants knew this was false as Plaintiff had entered into evidence a forensic accounting during the trial.

18) Both defendants knew this was false as the government paid for part of #17 above.

19) Defendants did this intentionally, maliciously and wantanly.

20) Defendant Bedke has a history of lying to Grand Juries and Courts, has been chastized by both a Federal Judge and Magistrate for aiding false testimony in the infamous Baby Sabrina case.

21) Plaintiff submits defendants would even lie when the truth sounds better.

22) As a result of defendant's actions Plaintiff was harmed.

23) Defendants have no immunity for libel and defamation outside Court proceedings.

24) Whereby Plaintiff demands compensatory and punitive damages for Count 1.

## COUNT 2
### CONSPIRACY - COVERUP OF ROSSMAN'S SEVERE MENTAL ILLNESS

25) Plaintiff sues all defendants for conspiracy in covering up co-defendant Rossman's severe mental illness, his psychiatric care and use of anti-psychotic medication while testifying.

26) Since the case proceeded against Plaintiff without proper jurisdiction (see Plaintiff's exhibits) no defendants have immunity.

27) Defendants Bedke and Jones discovered the information about Rossman in the investigative process.

28) Defendant Allen sat through Rossman's entire testimony while serving as an officer of the Court yet never notified the Court of his client's false testimony.

29) This conspiracy was to frame Plaintiff, a former anti-government lawyer and activist, regardless of the truth.

30) Defendant Batsch made many comments to witnesses that he would "get" the Plaintiff.

31) As a result of the conspiracy Plaintiff suffered damages.

32) All defendants except Allen violated a direct court order referencing the Due Process Protections Act.

33) Plaintiff attached and incorporates as exhibits (1-7) outlining the law regarding defendants lack of jurisdiction and illegal actions and violation of Court Order.

34) All defendants were aware of Rossman's severe mental illness, his psychiatric care and use of anti-psychotic medication and worked together and in tandem to hide it from the Plaintiff and the Courts and the press.

35) Plaintiff seeks compensatory and punitive damages.

## COUNT 3
### CONSPIRACY - COVER UP OF FBI INVOLVEMENT

36) Plaintiff realleges 1-35 and all Law and fact cited and incorporated in attached exhibits.

37) Count 3 is against all defendants except public defender Allen and Rossman.

38) As laid out in the attached exhibits, defenders Howland and Batsch brought an investigation of Plaintiff to the FBI.

39) All defendants in this court case were aware the FBI looked into the case and refused it.

40) Despite not having jurisdiction over non-tax criminal violations, all defendants illegally covered up the lack of FBI involvement (see exhibits 1-7).

41) As a result Plaintiff was severely harmed.

42) No defendants have immunity as there was never jurisdiction to bring charges in counts 1-10 against the Plaintiff.

43) Whereby Plaintiff demands compensatory and punitive damages for Count 3 against all defendants except defendant Allen, and Rossman.

## COUNT 4
## CIVIL RICO

44) Plaintiff re-incorporates 1-43 and the law and facts of all exhibits.

45) Count 4 is against all defendants.

46) All defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his reputation, finances, and liberty.

47) This conspiracy was unlawful, intentional and malicious. The RICO conspiracy created the alleged scheme.

48) The defendants' actions were in concert with one another and a violation of a myriad of both state and federal laws.

49) Defendants did this without any regard for the truth, or any oath of office.

50) Plaintiff alleges that it is no coincidence that Bedke and Batsch both retired.

51) Plaintiff has found out that one potential witness, under investigation by Homeland Security for a crime unrelated to allegations against Plaintiff was offered immunity if he "Changed his favorable testimony about Plaintiff."

52) While Plaintiff's allegations appear to be drastic, taken into account the past corruption of Bedke, the proven lies of Howland and Batsch, and the law and facts laid out in exhibits (1-7), there is no doubt all defendants engaged in civil racketeering.

53) Plaintiff demands compensatory, punitive, and treble damages for Count 4.

Whereby Plaintiff demands a trial by jury on all counts and compensatory, punative and treble damages in the minimum amount of $500,000,000 (five hundred million dollars).

Phillip Wasserman