EXHIBIT FIVE (5)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA


v.                                                Case No. 8:20-cr-207-CEH-NHA


PHILLIP ROY WASSERMAN
_____/


## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION BASED UPON FRAUD OF THE COURT

DEFENDANT moves this court to dismiss counts 1-11 of the judgement based upon Rule 12(b)(2).

Defendant cites **U.S. v. Scott,** 61 F. 4th 855, (11th Cir. 2023) (attached) which quotes Rule 12(b)(2) and states that a motion that the district court lacks jurisdiction may be made at any time while the case is pending.

This motion is differentiated from Defendant's Rule 33 motion which is for an new trial and/or dismissal. This motion is for an absolute dismissal.

Defendant's case was rife with fraud upon the court. The suppression of Rossman's severe mental illness, his use of anti-psycotic drugs medication while testifying and his perjured uncorrected Napue and Glossup violation testimony which was capitalized upon by the government. In addition there is the newly discovered exculpatory evidence of the FBI involvement and refusal to pursue the case against the Defendant, which are several of the grounds in Defendant's Rule 33 motion.

Defendant reincororates the facts and case law cited in his Rule 33 motion as to lack of jurisdiction by the IRS and the agents. Tracing that back to the indictment, the IRS had no jurisdiction to go before the Grand Jury on counts 1-11 nor act as law enforcement or case agents during the trial. Based upon also a fruit of the poisonous tree argument, any actions that followed were illegal.

If the Grand Jury and the indictment lacked jurisdiction, then the Court lacked jurisdiction, through no fault of its own. The fraud committed upon the court by the government shows a total disregard for justice  and respect for the court and jury.

Signed,

_____
Phillip Roy Wasserman

## CERTIFICATE OF SERVICE

I certify that a copy of the motion was mailed via first class mail on this date to the U.S. Attorney's Office, 400 N. Tampa Street, Suite 3200, Tanpa, Florida 33602; Attorney General Pam Bondi, Washington, D.C.; and FBI Director Kash Patel, Washington, D.C.

Date: _11-18-25_____

_____
Phillip Roy Wasserman

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                                    Case No. 8:20-cr-207-CFH-NHA

PHILLIP ROY WASSERMAN

SUPPLEMENT TO:

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION BASED UPON FRAUD OF THE COURT

Defendant submits the following Eleventh Circuit case law in support of his motion.

A "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceeding. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Defendant also submits the following Supreme Court Law supporting his right to have the lack of subject matter jurisdiction corrected.

United States v. Cotton, 535 U.S. 625 (2002), the Supreme Court held that defects in subject matter jurisdiction require correction regardless of whether the error was raised in district court.

Robinson v. Ash, 805 F. App'x 634, 636-38 (11th Cir. 2020), there, a municipal officer investigated crimes that occurred outside his jurisdiction. The court affirmed the district court's denial of the officer's request for

*qualified immunity*

because the officer "present[ed] no evidence of any criminal conduct by (the Plaintiff) within [the officer's] jurisdiction" and, as a result, the officer had "failed to show that he acted within the scope of his authority." Id.at 638.

Robinson, notably, is no aberration.  The Eleventh Circuit and other courts within our circuit have consistantly reached the same result.  See e.g. Jones v. City of Atlanta, 192 F. App'x 894, 898 (11th Cir. 2006)(denying qualified immunity at summary judgement where the officers "ha[d] not proven that they were acting within the scope of their discretionary authority' since they were outside their police jurisdiction when they allegedly violated [the Plaintiff's] constitutional rights").  Ball v. City of Coral Gables, 2007 U.S. Dist. Lexis 97620, 2007 WL 9706910 (S.D. Fla. 2007)(denying qualified immunity at motion to dismiss where "[t]he Complaint stated[d] that [the officers] were outside of their jurisdiction when they allegedly violated [the Plaintiff's] constitutional rights.")

Respectfully submitted,

Date:_12 - 3 - 25_

## CERTIFICATE OF SERVICE

I certify that a true copy of the motion was mailed via first class mail on this date to the U.S. Attorney's Office, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602.

Date:_12-3-25_

Phillip Roy Wasserman