Exhibit 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PHILLIP ROY WASSERMAN
Defendant,


v.                                        Case No. 8:20-cr-207-T-CEH-SPF


UNITED STATES OF AMERICA
PLAINTIFF,

------------------------------/


## SUPPLEMENTAL CASE LAW IN SUPPORT OF DEFENDANT'S RULE 33 MOTION CLAIM OF 4TH AMENDMENT VIOLATIONS


**Defendant** submits the following supplemental law in support of the ground that his 4th amendment rights were violated as stated in his Rule 33 motion.

The affidavits prepared by the IRS agent submitted for the email search warrants contained multiple irrelevant grounds, including a history of defendant's legal career dating back decades- but had no reference to allegations of defendant violating tax law.

Thus, the IRS agent had no legal authority to submit the search warrant affidavits.

The defendant incorporates his arguments over IRS lack of jurisdictions previously cited in his Rule 33 motion.

The fourth amendment to the United States Constitution provides that "no warrants **shall** issue, but upon probabale cause, supported by Oath or affirmation, and particulary describing the place to be searched, and the persons or things to be seized."

U.S Const. amend. IV. "Probable cause requires a fair probability that contraband or evidence of a crime will be found in a particular place." **United States v. McCall**, 84 F,4th 1317, 1324 (11th Cir. 2023) (quoting **Illinois v. Gates**, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). The standard fpr probable cause "is a practical nontechnical conception" based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal techncicians, act." Id. (quoting **Gates**, 462 U.S at 231). The court looks "only to the face of the affidavit to determine whether it lacked sufficient indica of probable cause." Id. at 1325. "To exclude evidence on this ground, the affidavit must be so clearly insufficient that it provided "no hint" as to why Police believed thy would find incriminationg evidence." (quoting **United States v. Morales**, 987 F.3d 966, 976 (11th Cir. 2021)).

If there were no allegations of defendant violating tax law there was no fair probability that a tax crime could be found (see **McCall** cited above.

Since there was no indica of probable cause as to any violation of defendant of any tax violation, there cannot be a "hint" as to incriminating evidence of a tax crime to be found based on the affidavits submitted.

Based on the lack of jurisdiction, defendant moves that this Court find his 4th amendment rights were violated and his conviction and sentence be vacated with prejudice. Since there is a high probability of this particular ground being successful, defendant respectfully renews his motion for bond currently under consideration by this Court.

Respectfully Submitted,

_____
Date

_____
Phillip Roy Wasserman