# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PHILLIP R. WASSERMAN,

      Plaintiff,

v.                                                      CASE NO. 6:25-cv-2498-AGM-RMN

RACHELLE BEDKE;
RACHEL JONES;
GABRIEL ACOSTA;
STEPHEN HOWLAND;
ADAM ALLEN;
LAUREN KOCZINSKY;
SEAN BATSCH; and
KENNETH ROSSMAN,
all individually,

      Defendants.

_____/

## DEFENDANT ADAM ALLEN'S VERIFIED DISCLOSURE
## OF THIRD-PARTY LITIGATION FUNDING

Defendant Adam Allen, through his undersigned counsel and

pursuant to this Court's "Standing Order Requiring Disclosure of Third-

Party Litigation Funding" (Doc. 22), hereby provides his Verified

Disclosure of Third-Party Funding.

Pursuant to ¶I(C) of the Order, Allen provides the following

verification by his undersigned counsel:

1. Name and Address of Third-Party Funder: Defender Services Office, Administrative Office of the United States Courts, One Columbus Circle, N.E, Washington, DC 20544.

2. Nature of the Third-Party' Funder's Interest in the Case: None.

3. Existence of a Contract Between the Third-Party Funder, the Disclosing Party and/or Disclosing Party's Counsel: None.

4. Necessity of Approval by the Third-Party Funder for Litigation or Settlement Decisions: None.

5. Extent to Which Third-Party Funder or Any of its Corporate Parents or Affiliates are Affiliated With, or Receive Funding of Any Type From, a Foreign Government or Governments: None.

Pursuant to 28 U.S.C. § 1746(2), I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 29, 2026.

*/s/ Matthew Farmer*

WHEREFORE, defendant Adam Allen provides his Verified Disclosure of Third-Party Funding.

<u>Certification Under Penalty of Perjury That Artificial Intelligence
Was Not Used in the Preparation of This Filing</u>

I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. (Doc. 18) After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Matthew Farmer*

3

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following on the 29th day of June, 2026:

Phillip Wasserman, #73653-018
FCI Coleman – Low
846 NE 54th Terrace
Sumterville, FL 333521

Lydon Schultz, Esq.
Lydon.schultz@myflorida.com

/s/ *Matthew Farmer*
COUNSEL

4