# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PHILLIP R. WASSERMAN,

      Plaintiff,

v.                         CASE NO. 6:25-cv-2498-AGM-RMN

RACHELLE BEDKE;
RACHEL JONES;
GABRIEL ACOSTA;
STEPHEN HOWLAND;
ADAM ALLEN;
LAUREN KOCZINSKY;
SEAN BATSCH; and
KENNETH ROSSMAN,
all individually,

      Defendants.

_____/

## DEFENDANT ADAM ALLEN'S AMENDED[1] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Adam Allen, through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss the Amended Complaint (Doc. 10) for failure to state a claim upon which relief can be granted.

---

[1] This motion was originally filed as Doc. 20 and, pursuant to this Court's Order (Doc. 21), is amended to include a Local Rule 3.01(g) certification.

MEMORANDUM OF LAW

Plaintiff, Phillip Wasserman, a lawyer (Doc. 10 at ¶29), brings a four-Count "Amended Complaint" (hereinafter, "complaint") against eight defendants, all of whom are related in some way to Wasserman's criminal prosecution in a federal case, *United States v. Phillip Wasserman, et al.*, Case No. 8:20-cr-207-CEH-NHA-1 (M.D. Fla. 2020) (Honeywell, J.). Allen is named only in Count 2 and Count 4.

Wasserman's material allegations against Allen are, in their entirety, as follows. First, Wasserman alleges that, "Adam Allen is a Federal Public Defender in Tampa. He represented Plaintiff's co-defendant [in the above criminal case] Rossman." Complaint, ¶12 (Doc. 10 at 2.)

Wasserman then names Allen in Count 2, which is entitled "Conspiracy – Coverup of Rossman's Severe Mental Illness." *Id*. at p. 3 (unnumbered title). The entirety of Count 2 states as follows:

> 25) Plaintiff sues all defendants for conspiracy in covering up codefendant Rossman's severe mental illness, his psychiatric care and use of anti-psychotic medication while testifying.

> 26) Since the case proceeded against Plaintiff without proper jurisdiction (see Plaintiff's exhibits) no defendants have immunity.

27) Defendants Bedke and Jones discovered the information about Rossman in the investigative process.

28) Defendant Allen sat through Rossman's entire testimony while serving as an officer of the Court yet never notified the Court of his client's false testimony.

29) This conspiracy was to frame Plaintiff, a former anti-government lawyer and activist, regardless of the truth.

31) Defendant Batsch made many comments to witnesses that he would "get" the Plaintiff.

31) As a result of the conspiracy Plaintiff suffered damages.

32) All defendants except Allen violated a direct court order referencing the Due Process Act.

33)  Plaintiff attached and incorporates as exhibits (1-7)[2] outlining the law regarding defendants['] lack of jurisdiction and illegal actions and violation of Court Order.

34) All defendants were aware of Rossman's severe mental illness, his psychiatric care and use of anti-psychotic medication and worked together and in tandem to hide it from the Plaintiff and the Courts and the press.

35) Plaintiff seeks compensatory and punitive damages.

*Id.* at ¶¶25-35 (Doc. 10 at 3-4).

---

[2] At least six of the seven substantive exhibits Wasserman attaches to his complaint are documents he filed in that criminal action following his trial and conviction. *See, e.g.*, Ex. 1 (Doc. 1174 in criminal case); Ex. 2 (Doc. 1190); Ex. 3 (Doc. 1184); Ex. 4 (Doc. 1196); Ex. 5 (Doc. 1192); and Ex. 7 (Doc. 1185).

Wasserman then names Allen in Count 4, entitled "Civil RICO,"

which states in its entirety,

44) Plaintiff re-incorporates 1-43 and the law and the facts of all exhibits.

45) Count 4 is against all defendants.

46) All defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his reputation, finances, and liberty.

47) This conspiracy was unlawful, intentional, and malicious. The RICO conspiracy created the alleged scheme.

48) The defendants' actions were in concert with one another and a violation of a myriad of both state and federal laws.

49) Defendants did this without any regard for the truth, or any oath of office.

50) Plaintiff alleges that it is no coincidence that Bedke and Batsch both retired.

51) Plaintiff has found out that one potential witness, under investigation by Homeland Security for a crime unrelated to allegations against Plaintiff was offered immunity if he "Changed his favorable testimony about Plaintiff."

52) While Plaintiff's allegations appear to be drastic, taken into account the past corruption of Bedke, the proven lies of Howland and Batsch, and the law and facts laid out in exhibits (1-7), there is no doubt all defendants engaged in civil racketeering.

4

> 53) Plaintiff demands compensatory, punitive, and treble damages for Count 4.[3]

*Id.* at ¶¶44-53 (Doc. 10 at 5).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is "plausible on its face" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim is not plausible if it is merely possible, and in deciding whether the complaint "crosses 'the line between possibility and plausibility of [plaintiff's] entitlement to relief,' 'courts may infer from the factual allegations in the complaint obvious alternative explanations [that] suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.'" *Doe v. Samford University*, 29 F. 4th 675, 686 (11th Cir. 2022) (quotations omitted).

When considering a motion to dismiss that relies on Rule 12(b)(6), the court generally accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v.*

---

[3] Wasserman then demands a jury trial and a "minimum" of one-half billion dollars in damages. Doc. 10 at 5 ("wherefore clause").

*McConnell,* 516 F. 3d 1282, 1284 (11th Cir. 2008). This obligation, however, "is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. When reviewing a motion to dismiss, courts limit their "consideration to the well-pleaded factual allegations, documents central to referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F. 3d 840, 845 (11th Cir. 2004).

First, Wasserman fails to state a plausible claim in Count 2, which alleges a conspiracy to "cover up Rossman's severe mental illness." (Doc. 10 at 3.) Wasserman fails to identify any statutory or common law foundation for his claim of "conspiracy." He suggests that, factually, there is an objective for an alleged agreement by Allen and his codefendants – that is, a "cover up of Rossman's severe mental illness" – but Wasserman fails to identify any statute that could plausibly be violated by such a "cover up." A "conspiracy" is only unlawful if its objective is to violate a substantive statute, and Wasserman fails to identify even one. No freestanding statutory prohibition of "conspiracy" exists. Likewise, there is no state common law tort of "conspiracy." Wasserman has failed to state a claim in Count 2 upon which this Court can conceivably provide relief.

Second, Wasserman also fails to state a claim in Count 4. Again, Count 4 is captioned "Civil RICO." Although Wasserman does not identify a statute in Count 4, in the introductory paragraph of his complaint he alleges, in part, "Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the civil remedies provision of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1964(c)." Complaint, ¶ 4, (Doc. 10 at ¶4.)

Section 1964(c) provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Liberally construing the terms of Wasserman's claim of "Civil RICO" in Count 4 as a claim under Section 1964(c), he has nonetheless failed to state a claim upon which relief may be granted.

Section 1962 is divided into four subsections describing categories of unlawful acts. Section 1962(a) proscribes the act of using income derived from a "pattern of racketeering activity,"[4] in which a person has participated as a principal, to invest in the establishment or operation of an enterprise affecting interstate or foreign commerce. 18 U.S.C. § 1962(a). Section 1962(b) proscribes the act, through, again, a "pattern of

---

[4] Each of the four subsections also address the collection of unlawful debts, but Wasserman makes no such allegation against Allen or any other defendant.

racketeering activity," of acquiring or maintaining an interest in, or control of, an enterprise affecting interstate or foreign commerce. 18 U.S.C. § 1962(b).  Section 1962(c) proscribes the act, again through a "pattern of racketeering activity," of conducting or participating, as an employee or associate, in the affairs of an enterprise affecting interstate or foreign commerce. 18 U.S.C. § 1962(c). Section 1962(d), final,  proscribes the act of conspiring to violate any of the above three sections. 18 U.S.C. § 1962(d). Liberally construing his complaint, in Count 4 Wasserman appears to allege only a Section 1962(d). *See* Complaint, ¶¶ 46-48 (Doc. 10 at 5) (all alleging either "conspiracy" or that "defendants' actions were in concert with one another").

The term "racketeering activity" is defined by statute, namely 18 U.S.C. § 1961(1).  A "racketeering activity," as the term is used in 18 U.S.C. §1962(a)-(d), is limited to violations of listed, specific offenses proscribed in the United States Code, as well as murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance" and punishable as a felony under state law. 18 U.S.C. § 1961(1). A "pattern" of racketeering activity, as that term is used in 18 U.S.C. § 1962(a)-(d), requires a least two acts – often called "predicate acts" - of "racketeering activity." 18 U.S.C. § 1961(5).

Wasserman has failed plausibly to allege – and cannot in good faith allege – that Allen conspired to commit any "racketeering activity," much less two or more acts.[5] The only substantive allegation in Count 4 is that a "potential witness" was offered immunity conditioned on "chang[ing] his favorable testimony about Plaintiff." (Doc. 10 at ¶51). This does not plausibly allege any "racketeering activity" as defined in Section 1961(1). Even if it does, one act does not constitute a "pattern" under 18 U.S.C. § 1961(5). Moreover, as counsel for Wasserman's codefendant, Allen would obviously not have been in a position to offer immunity to anyone, or occupied  a position to conspire to do so.[6]

WHEREFORE, defendant Adam Allen moves to dismiss the "Amended Complaint" (Doc. 10) for plaintiff's failure to state a claim against Allen, in either Count 2 or Count 4, upon which relief can be granted.

<u>Local Rule 3.01(g)</u>

---

[5] Wasserman alleges that "defendants' actions were in concert with one another and violation of a myriad of both state and federal laws," Complaint, ¶48 (Doc. 10 at 5), but fails to identify even one.

[6] The defects in Count 4 are numerous, and by highlighting the most prominent, Allen does not suggest that these are the only reasons why the complaint fails to state a Civil RICO claim that is plausible on its face. For instance, Count 4 also fails to allege plausibly that Allen was, with federal prosecutors and agents, a member of an "enterprise" that affected interstate or foreign commerce, an element of a conspiracy claim brought under 18 U.S.C. § 1962(d).

The undersigned counsel for the movant, defendant Adam Allen, certifies that he has conferred with the opposing party, Phillip Wasserman. The parties do not agree on the resolution of all or part of this motion. The conference occurred by e-mail, by way of the Corrlinks system.

*/s/ Matthew Farmer*

Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. (Doc. 18) After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Matthew Farmer*

Respectfully submitted,

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.
Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following on the 6th day of July 2026:

Phillip Wasserman, #73653-018
FCC Coleman – Camp
P.O. Box 1027
Coleman, FL 33521

Lydon Schultz, Esq.
Lydon.schultz@myflorida.com

_/s/ Matthew Farmer_
COUNSEL

12