# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO: 8:20-cr-207-CEH-NHA

PHILLIP ROY WASSERMAN

---

## ORDER

This cause comes before the Court on Defendant Phillip Roy Wasserman's Emergency Motion for Immediate Bond and Hearing (Doc. 1173), Motion for Evidentiary Hearing on Grounds 1-10 of Petitioner's Rule 33 Motion (Doc. 1174), Rule 33 Motion for a New Trial Based on Newly Discovery Evidence (Doc. 1175), Motion for Government and Law Enforcement to Supply All Records Regarding the FBI and Agents Volp and Stone to Defendant and to Take Depositions (Doc. 1182), Motion for Judgment on Defendant's Rule 33 Pleadings (Doc. 1184), Motion for Vacate of Defendant's Conviction and Sentence Due to Violation of the Due Process Protections Act and Motion for Contempt (Doc. 1185), Motion to Dismiss for Lack of Subject Matter Jurisdiction Based Upon Fraud of the Court (Doc. 1192), and Request for Oral Argument (Doc. 1197).[1]

---

[1] Wasserman also filed a Reply to Government's Response to Defendant's Rule 33 Motion (Doc. 1181), Memorandum of Law and Argument in Support of Defendant's Rule 33 Motion and Due Process Protection Act Violation (Doc. 1190), Supplement to Defendant's Motion for Bond (Doc. 1193), Addendum to Rule 33 Motion (Doc. 1194), Addendum to Defendant's Rule 33 Motion (Doc. 1196). Wasserman filed these documents without leave from the court, thus they will not be considered. *See,* for example*,* M.D. Fla. Local Rule 3.01(e), 3.01(j).

**EXHIBIT B  001**

### I.     Doc. 1175

In his Rule 33 Motion for a New Trial Based on Newly Discovery Evidence ("Rule 33 Motion") (Doc. 1175), Wasserman moves for a new trial pursuant to Federal Rule of Criminal Procedure 33.[2] Wasserman argues that the Court should grant his Rule 33 Motion because (1) the Government failed to disclose exculpatory *Brady*[3] evidence; (2) witnesses gave false testimony during the criminal trial in violation of *Giglio*[4] and *Napue*[5]; (3) the Internal Revenue Service ("IRS") did not have the authority to investigate and prosecute him; (4) the IRS improperly disclosed evidence to the Grand Jury; (5) IRS agent Shawn Batsch was wrongly allowed to testify; (6) his emails were obtained in violation of the Fourth Amendment; (7) he was improperly denied the ability to call two Federal Bureau of Investigation ("FBI") agents to the stand; (8) there were multiple actions of government misconduct; (9) he can establish actual innocence through the testimony of FBI agent Franklin Worrell who was not permitted to testify; and (10) IRS agent Batsch engaged in witness tampering. Doc. 1175 at 3.

---

[2] Although an appeal is currently pending in this case, Doc. 1100, the Court has jurisdiction "to entertain [a Rule 33 motion] and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *See United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984).

[3] *Brady v. Maryland*, 373 U.S. 83 (1963), requires that the government disclose to the defense evidence exculpatory to the defendant.

[4] *Giglio v. United States,* 405 U.S. 150 (1972), requires that the government disclose to the defense promises of leniency or immunity made to government witnesses.

[5] In *Napue v. Illinois*, 360 U.S. 264, 271 (1959), the Supreme Court found that convictions obtained through false evidence violate a defendant's right to procedural due process.

**EXHIBIT B  002**

First, Wasserman argues that the Government failed to disclose exculpatory *Brady* evidence. "To establish a *Brady* violation, the defendant must show that (1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different." *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002) (describing standard for prevailing upon a Rule 33 motion based on a *Brady* violation).

Here, Wasserman claims there was a *Brady* violation because the Government failed to disclose the FBI's initial involvement in the investigation in the case against him and its decision not to participate in the criminal investigation. In a civil trial, FBI agent Howland stated in a deposition that the government decided not to pursue the case against Wasserman. Wasserman says had he known about this decision, he could have cross-examined Howland and Batsch and explained to the jury why they decided not to get involved in the case. Wasserman also claims that the FBI has emails, memos, notes, and correspondence that contain exculpatory evidence.

Wasserman "has pointed to no specific items of evidence which were not disclosed, and our review of the record reveals no basis for his conclusory allegations of *Brady* violations." *United States v. Rodriguez*, 765 F.2d 1546, 1558 (11th Cir. 1985). Wasserman only points to the possibility of cross-examining two FBI agents and

3

**EXHIBIT B  003**

general items of evidence such as emails, memos, and notes that could contain favorable information. Thus, his *Brady* violation claim fails.

Next, Wasserman argues that witnesses gave false testimony during the criminal trial in violation of *Giglio* and *Napue*. "In order to succeed on a *Giglio* challenge, the defendant must demonstrate that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." *United States v. Vallejo*, 297 F.3d 1154, 1163–64 (11th Cir. 2002) (citation modified) (describing standard for prevailing upon a Rule 33 motion based on a *Giglio* violation). The materiality element for a *Giglio* claim is met if there is "a reasonable likelihood the false testimony could have affected the judgment of the jury." *United States v. Mathurin*, 750 F. App'x 871, 875 (11th Cir. 2018).

Here, Wasserman's *Giglio* claim fails because he has not pointed to any false testimony. *See United States v. Horner*, 853 F.3d 1201, 1206 (11th Cir. 2017) (finding under a *Giglio* claim, the "testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory" (citation modified)). Wasserman claims that both Batsch and Howland provided false testimony by omission. Wasserman claims that nowhere in their testimony did they mention the FBI's lack of interest in investigating claims against him. Wasserman has not established that an omission constitutes false testimony. Additionally, the omitted testimony regarding the FBI's lack of interest in investigating the case has little impact on the merits of the case. There is not a

4

**EXHIBIT B  004**

reasonable likelihood that it would have affected the judgment of the jury. Thus, Wasserman's *Giglio* claim fails.

"Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006). "In the case of a motion for new trial based upon newly discovered evidence, five elements must be present to justify a new trial: (1) the evidence must be discovered following trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result." *United States v. Champion*, 813 F.2d 1154, 1170–71 (11th Cir. 1987). Wasserman's remaining arguments that he should be granted a new trial fail because he does not present any evidence discovered following trial. And Wasserman's arguments have been previously raised, *see* Docs 332, 484-86, 502-03, 508, 885, 1044, 1050, and denied, *see* docs 407, 521, 908, 1048, and 1058. Thus, the Court will deny Wasserman's Rule 33 Motion (Doc. 1175).

## II.    Doc. 1174

In his Motion for Evidentiary Hearing on Grounds 1-10 of Petitioner's Rule 33 Motion (Doc. 1174), Wasserman moves for an evidentiary hearing on his Rule 33 Motion. Since Wasserman's Rule 33 Motion is due to be denied, his Motion for

5

EXHIBIT B  005

Evidentiary Hearing on Grounds 1-10 of Petitioner's Rule 33 Motion (Doc. 1174) is denied.

### III.   Doc. 1173

In his Emergency Motion for Immediate Bond and Hearing (Doc. 1173), Wasserman moves for immediate bond and a hearing. Wasserman claims: (1) he is not a flight risk; (2) not a danger to the community; (3) this Court previously ruled that he is not a flight risk or danger to the community; (4) he voluntarily surrendered to the Federal Correctional Complex, Coleman, four and a half hours early; his Rule 33 Motion raises new claims not previously before this court; (6) his Rule 33 Motion raises meritorious claims; (7) he has made a substantial showing of the denial of constitutional rights; and (8) he is a sixty-eight year old man with no prison criminal records and is wrongfully incarcerated. Doc. 1173 at 1.

"It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case." *Weaver v. Fla. Power & Light*, 172 F.3d 771, 773 (11th Cir. 1999) *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. "A district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). But the district court retains jurisdiction to consider

**EXHIBIT B  006**

matters collateral to those on appeal. *See United States v. Williams*, No. 7:04CR5 HL, 2006 WL 3003979, at *2 (M.D. Ga. Oct. 20, 2006).

The Court will deny Wasserman's Emergency Motion for Immediate Bond and Hearing (Doc. 1173). The Court retains jurisdiction over the issue of bond because it is collateral to the issues raised in his appeal. *Cf. United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) (finding a district court retains jurisdiction to modify conditions of supervised release during the pendency of an appeal); *United States v. Ramer*, 787 F.3d 837, 838–39 (7th Cir. 2015) (same). The Court previously denied Wasserman's Amended Motion to Remain on Bond Pending appeal, in which he raised similar claims (Doc. 1092). The motion here differs from Wasserman's previous motion to remain on bond pending appeal because it relies on the merits of his Rule 33 Motion. Because Wasserman's Rule 33 Motion is due to be denied, his Emergency Motion for Immediate Bond and Hearing will also be denied.

## IV.  Doc. 1182

In his Motion for Government and Law Enforcement to Supply All Records Regarding the FBI and Agents Volp and Stone to Defendant and to Take Depositions (Doc. 1182), Wasserman moves for the Government to produce certain documents and to depose certain individuals in connection to his Rule 33 Motion. Wasserman's Rule 33 Motion is due to be denied, therefore his Motion for Government and Law Enforcement to Supply All Records Regarding the FBI and Agents Volp and Stone to Defendant and to Take Depositions will also be denied.

**EXHIBIT B  007**

## V.     Doc. 1184

In his Motion for Judgment on Defendant's Rule 33 Pleadings (Doc. 1184), Wasserman repeats the arguments he makes in his Rule 33 Motion. Because Wasserman's Rule 33 Motion is due to be denied, his Motion for Judgment on Defendant's Rule 33 Pleadings will also be denied.

## VI.     Doc. 1185

In his Motion for Vacate of Defendant's Conviction and Sentence Due to Violation of the Due Process Protections Act and Motion for Contempt (Doc. 1185), Wasserman moves the Court to vacate his conviction and sentence due to alleged *Brady* violations. One of the *Brady* violations that Wasserman raises is also raised in his appeal. Doc. 1185 at 2. The Court does not have jurisdiction to rule on this alleged *Brady* violation because it is at issue in Wasserman's appeal. *See Sutter v. United States*, 703 F. App'x 774, 776 (11th Cir. 2017) ("Generally, the filing of a notice of appeal deprives the district court of jurisdiction over the issues on appeal."). The other alleged *Brady* violation was already raised by Wasserman in his Rule 33 Motion. Because Wasserman's Rule 33 Motion is due to be denied, his Motion for Vacate of Defendant's Conviction and Sentence Due to Violation of the Due Process Protections Act and Motion for Contempt is also due to be denied, as it pertains to the Rule 33 Motion and dismissed, as it relates to the *Brady* violation, which is the subject of Wasserman's appeal.

## VII.     Doc. 1192

8

**EXHIBIT B  008**

In his Motion to Dismiss for Lack of Subject Matter Jurisdiction Based Upon Fraud of the Court (Doc. 1192), Wasserman moves to dismiss his judgment based upon Federal Rule of Criminal Procedure 12(b)(2). Defendant argues that the Grand Jury and, thus, the indictment lacked jurisdiction. The Court lacks jurisdiction over this motion because of Wasserman's pending appeal. *See United States v. Roemmele*, 506 F. App'x 891, 892 (11th Cir. 2013) (remanding with instruction to dismiss a motion to dismiss an indictment because of a pending appeal). Wasserman's Motion to Dismiss for Lack of Subject Matter Jurisdiction Based Upon Fraud of the Court is dismissed.

## VIII.  Doc. 1197

In his Request for Oral Argument (Doc. 1197) Wasserman requests oral argument for his motions at Docs. 1175, 1185, and 1192. Because the motion at Doc. 1175 is due to be denied, the motion at Doc. 1185 is due to be denied, in part, and dismissed, in part, and the motion at Doc. 1192 is due to be dismissed, the Court denies Wasserman's Request for Oral Argument.

Accordingly, it is **ORDERED:**

1) Defendant's Emergency Motion for Immediate Bond and Hearing (Doc. 1173) is **DENIED**.

2) Defendant's Motion for Evidentiary Hearing on Grounds 1-10 of Petitioner's Rule 33 Motion (Doc. 1174) is **DENIED**.

3) Defendant's Rule 33 Motion for a New Trial Based on Newly Discovery Evidence (Doc. 1175) is **DENIED**.

9

**EXHIBIT B  009**

4) Defendant's Motion for Government and Law Enforcement to Supply All Records Regarding the FBI and Agents VOLP and Stone to Defendant and to Take Depositions (Doc. 1182) is **DENIED**.

5) Defendant's Motion for Judgment on Defendant's Rule 33 Pleadings (Doc. 1184) is **DENIED**.

6) Defendant's Motion for Vacate of Defendant's Conviction and Sentence Due to Violation of the Due Process Protections Act and Motion for Contempt (Doc. 1185) is **DENIED, in part and DISMISSED, in part**.

7) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Based Upon Fraud of the Court (Doc. 1192) is **DISMISSED**.

8) Defendant's Request for Oral Argument (Doc. 1197) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record; Unrepresented Parties

10

**EXHIBIT B  010**