# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| PHILLIP R. WASSERMAN<br>5960 Clark Center Ave.<br>Sarasota, FL 34238 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:21-cv-02334-TPB-SPF |
| UNITED STATES OF AMERICA, | ) ) ) | **<u>JURY TRIAL DEMAND</u>** |
| STATE OF FLORIDA,<br>OFFICE OF FINANCIAL<br>REGULATION | ) ) ) ) | |
| and | ) ) | |
| STEPHEN HOWLAND, | ) ) | |
| Defendants. | ) / | |

## <u>AMENDED COMPLAINT</u>[1]

Plaintiff Phillip R. Wasserman files his Complaint against Defendants the United States of America; the State of Florida, Office of Financial Regulation ("OFR"); and Stephen Howland, and states as follows:

---

[1] The previously-named Defendant, the State of Florida Department of Financial Services called to the attention of the Plaintiff that it was not properly named as a Defendant, and that the correct defendant in this matter is the State of Florida Office of Financial Regulation. *See* Doc. 7. This Amended Complaint is filed to name the correct Defendant.

1

EXHIBIT C  001

# INTRODUCTION

This case is a shocking example of how rogue, out of control, above the law public servants have abused their offices and violated the rights of an innocent citizen. The most remarkable facet of this case is that agents who have themselves committed dozens, if not hundreds, of criminal acts in the form of felony violations of 26 U.S.C. Section 6103, have accused and charged Plaintiff with being a criminal. This is pure character assassination by rogue agents who have ignored the law.

The relentless efforts of these rogue agents have tarnished Plaintiff's reputation, caused the failure of a promising business, and resulted in Plaintiff's criminal prosecution. This lawsuit provides the Court with an opportunity to put an end to their out-of-control effort to ruin the Plaintiff. While the relief sought here, up to and including referral for criminal prosecution of these agents, is extreme, no remedies short of those requested here will adequately address the conduct of these agents, who have repeatedly broken the law,

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action pursuant to 26 U.S.C. Section 7431.

2.  The Internal Revenue Code, in 26 U.S.C. Section 6103, prohibits among others, (1) any employee of United States government, or (2) any employee of a State who has access to returns or return information, from disclosing any tax "return" or "return

2

**EXHIBIT C  002**

information" the employee obtained through the employee's government employment, other than as provided in other subsections of Section 6103.

3.      "Return information" for purposes of 26 U.S.C. Section 6103's prohibition against disclosure is defined broadly, and includes, among other types of information,

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

Section 6103(b)(2)(A).

4.      26 U.S.C. Section 7213(a)(1) makes it a felony punishable by up to five years in prison for any officer or employee of the United States to willfully disclose return information to any person.

5.      26 U.S.C. Section 7213(a)(2) makes it a felony punishable by up to five years in prison for any person who has obtained return information under 26 U.S.C. Section 6103's provisions for disclosure of return information to state tax officials and state and local law enforcement agencies to willfully disclose return information to any person.

6.      26 U.S.C. Section 7431 creates a private cause of action for unauthorized

3

**EXHIBIT C  003**

disclosure of returns or return information in violation of 26 U.S.C. Section 6103.

7.      Under 26 U.S.C. Section 7431(a)(1), a taxpayer may bring a civil action against the United States where "any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103."

8.      Under 26 U.S.C. Section 7431(a)(2), a taxpayer may bring a civil action against any person who is not an officer or employee of the United States where that person "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103."

9.      Plaintiff asserts claims under 26 U.S.C. Section 7431(a) because Defendant the United States of America, through its agents, Internal Revenue Service ("IRS") Criminal Investigation Division ("CID") Special Agent Sean Batsch, Special Agent Lauren Kocinski, and other unknown agents of the IRS, has violated 26 U.S.C. Section 6103 by disclosing return information its agents obtained in connection with their service as IRS agents and employees of the United States government.

10.     Plaintiff asserts claims under 26 U.S.C. Section 7431(a)(2) because Defendant the State of Florida, Office of Financial Regulation ("OFR"), through its agent Stephen Howland, has violated 26 U.S.C. Section 6103 by disclosing return information its agent obtained in connection with his service as an employee of the

**EXHIBIT C 004**

State of Florida.

11.     Plaintiff asserts claims under 26 U.S.C. Section 7431(a)(2) because Defendant OFR Agent Stephen Howland has violated 26 U.S.C. Section 6103 by disclosing return information he obtained in connection with his service as an employee of the State of Florida.

## JURISDICTION AND VENUE

12.     Because this case arises under the laws of the United States, specifically, 26 U.S.C. Section 7431(a), this court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

13.     Venue is proper in this district under 28 U.S.C. Section 1391, because a substantial part of the events or omissions giving rise to the claim occurred here; specifically, the majority, but not all, the willful grossly negligent bad faith disclosures of return information were made in this district.

## THE PARTIES

14.     Plaintiff Phillip Wasserman is an individual residing and working in Sarasota, Sarasota County, Florida.

15.     Defendant the United States of America is a governmental entity and is the employer, master, and/or principal of IRS CID Special Agent Shawn Batsch. IRS CID

5

**EXHIBIT C  005**

Special Agent Lauren Kocinski, and Assistant United States Attorney, Rachelle Bedke.

16.    Defendant Florida Office of Financial Regulation is a government entity that is an agency of the State of Florida and is the employer, master, and/or principal of OFR Agent Stephen Howland.

17.    Defendant Steven Howland is an investigator with the Florida OFR.

## FACTUAL BACKGROUND

**Plaintiff and his history of political and industry activism**

18.    Plaintiff is a former attorney and was a licensed insurance agent.

19.    Plaintiff has had a lengthy, successful career in the insurance industry and, for a number of years, he was the leading producer of annuity policies in the United States.

20.    Plaintiff is nationally respected in the insurance industry as a sales trainer, and he has also been an activist at the state and federal level in promoting the insurance industry and battling unwarranted government regulation of the industry.

21.    Plaintiff has had a long-running dispute with the Florida Department of Financial Services, including statements made by lawyers for the Florida Office of Insurance Regulation that Plaintiff had a lot of enemies in the department.

22.    Plaintiff was consistently successful against the Florida Office of Insurance Regulation and in addition led the efforts nationally against the United States

6

EXHIBIT C  006

Securities and Exchange Commission ("SEC") in a fight against SEC Rule 151(a), which would have resulted in certain insurance products being treated as securities. It was Plaintiff's amicus brief that caused the rule to be overturned.

23.     For political reasons, the Florida Office of Insurance Regulation and then-Florida Chief Financial Officer Alex Sink sought to revoke Plaintiff's insurance license and in a three-year battle cost Plaintiff hundreds of thousands of dollars in legal fees in a case that settled with no finding of no fault to Plaintiff.

24.     The vendetta of then-Florida Chief Financial Officer Alex Sink against Plaintiff was politically motivated by Plaintiff's successful efforts in opposition of the election campaign of Alex Sink's good friend, Betty Caster, to be elected as a United States Senator representing the State of Florida.

25.     Plaintiff was responsible for a last-minute advertising campaign along with Wayne Huizenga; Plaintiff is Jewish, and while Betty Castor was the President of the University of South Florida, she refused to fire a professor with anti-Israeli terrorist ties.

26.     The advertising campaign Plaintiff was involved in was credited for electing Senator Mel Martinez and putting Plaintiff on Alex Sink's hit list when she was elected CFO of Florida.

**EXHIBIT C  007**

27. Plaintiff's financial problems that resulted in the tax liens against him were caused by a three-year legal battle that was wrongly brought about by the State of Florida, and that he won.

**Plaintiff's founding of FastLife Insurance Company**

28. Plaintiff was the founder and principal of an insurance business known as FastLife Insurance Company ("FastLife"), as well as other companies.

29. Plaintiff founded FastLife in 2016.

30. FastLife was an insurance brokerage that sold life insurance policies from multiple insurance providers.

31. Plaintiff was licensed to sell insurance in 48 states, and FastLife used an innovative platform that allowed it to accept insurance applications from potential customers across the country over the telephone and online and obtain quotes and coverage for them quickly, often in as little as thirty minutes.

32. As is typical of a startup business, FastLife had significant costs to get the business up and running and grow its customer base:

   a. FastLife rented office space in downtown Sarasota that its office staff and sales personnel worked out of.

   b. The online and telephone application process and the quick turnaround times FastLife promised customers required extensive investments in

8

EXHIBIT C 008

software development and IT support. FastLife advertised heavily on national television (including ESPN, BET, CBS, and Fox News), radio, and on the Internet, and hired as celebrity spokespersons Billy Ray Cyrus and Pete Rose.

c. FastLife's sales agents worked on a salary basis with production bonuses; while paying sales agent's salaries rather than commissions resulted in a higher upfront cost, Plaintiff believed paying salaries would be less expensive in the long than the commissions insurance sales agents are typically paid and that paying salaries would also decrease turnover, which is one of the largest problems in the insurance industry.

d. FastLife also offered benefits to its employees and attempted to foster a family atmosphere among its employees. To boost employee productivity and morale, the company provided lunch in the office on a daily basis at no cost to employees, along with making beverages and snacks available throughout the day.

33. FastLife sought individual lenders and investors to obtain the funding needed to get the business off the ground and fuel its growth.

9

**EXHIBIT C 009**

34.   Plaintiff and FastLife's Chief Financial Officer Kenneth Rossman solicited investments from insurance, annuity, and tax clients they had pre-existing relationships with.

35.   Almost all of these clients Plaintiff sought investments from were accredited investors.

36.   Many of FastLife's investors loaned money to the company through promissory notes with interest rates in the 10 to 12% range – higher than stock market returned during this time period, but well within the typical range for the cost of capital to a startup business.

37.   Some of FastLife investors also obtained small equity stakes in the company. FastLife raised approximately $6.3 million from investors.

38.   Out of the funds FastLife raised from investors, the companies spent almost $2.5 million in salaries, benefits, and other compensation to employees and independent contractors.

39.   FastLife spent an estimated $2 million on television and internet advertising and its celebrity spokespersons.

40.   FastLife was developing state of the art software and programming.

41.   FastLife also had significant expenses for office space, furnishings and other typical costs that go into starting up and running a business.

10

**EXHIBIT C 010**

42.    The costs FastLife used investor money to pay for were the ordinary and expected expenses of startup business in FastLife's industry and were the types of expenditures FastLife's lenders and investors were told the company would be making.

43.    Due in part to FastLife's expenditures, as well as the hard work of Plaintiff, along with FastLife's employees, FastLife launched successfully and was well on its way to establishing itself in the insurance industry.

44.    FastLife was a pioneer in virtual insurance sales, transforming what was ordinarily an onerous consumer experience of purchasing life insurance into a process that was completed quickly and easily over the phone or Internet with no medical examination required.

45.    During its first two years in business, FastLife was the fastest growing life insurance brokerage in the United States.

46.    After starting out with three employees, by mid-2018, FastLife had approximately 35 employees.

47.    FastLife was licensed in 49 states (licensure in the State of New York was pending). FastLife fielded thousands and eventually tens of thousands of calls per month.

11

**EXHIBIT C 011**

48.     Between August 2016 and July 2020, FastLife took in approximately 6,600 life insurance applications and placed life insurance policies for approximately 1,500 customers.

49.     An estimated $500 million in life insurance coverage is currently in force from policies FastLife wrote, and some of the life insurance policies FastLife wrote have already paid out death benefits to the policies' beneficiaries.

50.     The last funds from investors or lenders came into FastLife in Fall 2018.

51.     Once it got off the ground, FastLife began bringing in commission income.

52.     FastLife used that commission income to pay investors as estimated $800,000 in interest payments, as well as approximately $100, 000 in principal to investors.

**The destruction of FastLife at the hands of government agents**

53.     FastLife's downfall began when state regulators, who were soon followed by federal investigators, began contacting the company's investors and making derogatory and untrue statements about the company and its operations.

54.     State of Florida insurance regulators had targeted Plaintiff for at least ten years due to his successful activism in the insurance industry.

55.     State of Florida regulators, in concert with federal agents, poured resources into aggressively investigating Plaintiff and FastLife.

56.     Federal and state agents met with every one of the FastLife's investors.

**EXHIBIT C  012**

57.     Federal and state agents made demonstrably false allegations to FastLife's investors about FastLife expenditures, the manner in which the business was being run, and the compensation Plaintiff was being paid.

58.     In the course of their investigation, the IRS agents in this case violated almost every tenet of the IRS CID manual.

59.     The purpose of the agents' misconduct was to embarrass Plaintiff and destroy his business, career, and reputation.

60.     As an example of the IRS agents' misconduct, Plaintiff specifically cites IRS CID Manual Rule 9.4.5.6.

61.     IRS CID Manual Rule 9.4.5.6 instructs IRS CID agents as follows:

**Conduct During Interview**

1.      During the course of the interview, be adaptable and flexible, follow through on questions asked, and ensure that the basic questions such as who, what, where, when, how, and why have been addressed. *Special agents will refrain from characterizing investigations as "criminal" except for the initial interview of the subject in an administrative investigation or in those instances where this disclosure is necessary to obtain the information sought.* Such a disclosure could be necessary if the witness is disinclined to cooperate.

2.      *Criminal Investigation (CI) has an interest in conducting its investigations discretely to avoid unnecessary embarrassment to the subject.* Adhering to these procedures will help achieve this goal. Routine investigative inquiries often can be made with minimum disclosure of information.

13

**EXHIBIT C  013**

A.  For example, if a special agent contacts a neighbor to learn if a witness resides at a particular address, it is often not necessary to disclose that they are a special agent conducting a criminal investigation to obtain the information. The exercise of appropriate discretion when contacting potential witnesses is the hallmark of professionalism.

Emphasis added.

62.  An example of agents' violation of this instruction is found in the transcript of the recorded interview with witness Alan Haft, in which the agent stated in line one that there was an ongoing criminal investigation into Phillip Wasserman. *See* Transcript of Alan Haft Interview, attached as Exhibit A.

63.  As discussed in the counts below, in the same interview, government agents also disclosed return information.

64.  Along with illegal return information disclosure, the rogue agent's bad acts included embarrassing Plaintiff, witness tampering, obstruction of justice, and defamation.

65.  These acts included instructing witnesses not to tell the defense that they were interviewed, which is government interference with defense access to witnesses; coaching witnesses; supplying witnesses' testimony; relaying HIPAA-protected information to witnesses; lying to plaintiff's therapist by stating that there is no federal

**EXHIBIT C  014**

privilege between therapist and patient; and appearing at almost every witness interview unannounced.

66. Plaintiff attaches as evidence of the bad faith and malicious intentions of these rogue agents his initial Motion for Sanctions, attached as Exhibit B, and Renewed Motion for Sanctions, attached as Exhibit C, both filed in his criminal case.

67. The initial Motion for Sanctions was denied without prejudice by the court in Mr. Wasserman's criminal case, while the Renewed Motion for Sanctions was withdrawn by Plaintiff because it will be amended; however, the factual allegations in both motions are 100% accurate.

68. Moreover, Special Agent Lauren Kocinski submitted affidavits in support of warrants for Plaintiff's emails in which she omitted critical information; for example, she informed the Court that under $200,000 was spent hiring celebrity spokesperson Billy Ray Cyrus under $200,000.00, but failed to disclose to the court that FastLife placed over $4 million in other advertising, of which approximately $2 million dollars was paid for. *See* Warrant Affidavits, attached as Exhibit D.

69. The warrant affidavits are so rife with omissions and falsehoods that they support Plaintiff's claims that the agents' intentional disclosure of return information was undertaken in bad faith.

15

**EXHIBIT C   015**

70. Plaintiff also cites to show the bad faith of IRS Special Agent Shawn Batsch, the following non-exhaustive list statements Agent Shawn Batsch made repeatedly throughout the investigation in various forms:

    a. "I'm going to make sure he never does this to anyone again."

    b. "How is he going to pay you back with only a few employees?"

    c. "Did you know he was running a Ponzi scheme?"

    d. "I suggest you go down to the courthouse and check him out."

    e. "Your money is gone."

71. As a result of the false, misleading, defamatory, and disparaging statements of the government's agents, FastLife's investors pulled back at a time when the company was still in a growth phase and in need of capital.

72. Although the loss of many investors was damaging to FastLife, the company continued operating and kept selling life insurance policies.

73. The company's death knell came when Plaintiff was indicted in the Middle District of Florida, in Case Number 8:20-CR-207-T-36JSS (M.D. Fl.), which resulted in him losing his license to sell insurance, forcing the closure of the business.

74. Ironically, FastLife had started turning a profit not long before the government's actions resulted in it being shut down.

16

**EXHIBIT C 016**

75. FastLife was profitable in 2019 despite the government's efforts to shut it down, and there is a good reason to believe it would have been able to meet all of its commitments to its lenders and investors but for the government's conduct.

76. Potential purchasers had expressed interest in buying FastLife at a cost that would have ensured in full repayment of all lenders and a handsome profit for equity holders.

77. Moreover, at the time FastLife shut down, it was close to completing the development of software that was state of the art for the industry.

78. When FastLife was launched, virtual life insurance sales were an anomaly.

79. The insurance industry has now embraced the virtual sales model, and its prevalence in the industry only increased during the pandemic.

**Unlawful Release of Return Information**

80. In the course of their investigation, federal and state agents repeatedly and egregiously violated 26 U.S.C. Section 6103 by unlawfully disclosing Plaintiff's return information.

81. The agents' disclosures were rampant, not in good faith, ill-intentioned, and served no investigative necessity.

17

**EXHIBIT C  017**

82.    These unlawful disclosures, coupled with the agents other misleading, defamatory, and disparaging statements about Plaintiff and FastLife, undermined and caused the failure of a promising business.

83.    Thus, the government caused Plaintiff's problems originally, following which rogue government agents disclosed information about them in violation of Section 6103, never explaining what happened to Plaintiff to cause them (as famous radio announcer Paul Harvey used to say, "and now for the rest of the story.")

84.    Much of Plaintiff's evidence regarding the agents' bad faith, negligent, and/or intentional disclosures of return information comes directly from the government itself, from discovery turned over in the criminal case against the Plaintiff.

85.    Detailed information regarding the federal and state agents' unlawful disclosure of Plaintiff's return information is provided in the counts below; however, Plaintiff respectfully notifies the Court that due to the volume and nature of discovery material he has been provided, it is likely that additional unlawful disclosures in violation of 26 U.S.C. Section 6103 will be discovered.

86.    The statutory definition of "return information," as interpreted by case law is quite broad; if Plaintiff were to include in this this Complaint everything that constitutes a disclosure of information that constitutes "return information" pursuant to this definition, this Complaint would include literally hundreds of counts.

18

**EXHIBIT C  018**

87. These unlawful disclosures were committed by IRS Special Agent Shawn Batsch, Special Agent Lauren Kocinski, other agents of the IRS acting at the direction on IRS Special Agent Shawn Batsch and Special Agent Lauren Kocinski, and Defendant OFR Agent Stephen Howland.

88. Additionally, these violations were covered up and concealed by Assistant United States Attorney Rachelle Bedke.

89. Plaintiff is aware that for the most part, federal prosecutors have absolute immunity; however, Assistant United States Attorney Rachelle Bedke is at least an accessory after-the-fact to the felony crimes committed by the agents here and, at worst, a felony co-conspirator.

90. Assistant United States Attorney Rachelle Bedke was made aware of potential allegations of Section 6103 felony violations and put on notice through a *Brady* request by Plaintiff's criminal defense counsel William Sansone that evidence of these violations would be *Brady* material.

91. Assistant United States Attorney Rachelle Bedke therefore had knowledge of Section 6103 violations and then took affirmative steps to cover up her agent's felony violations; she had knowledge and notice and then took affirmative action to cover the crimes up. These Brady requests are attached as Exhibit E and Exhibit F.

**EXHIBIT C  019**

92.   Assistant United States Attorney Rachelle Bedke was either aware of these wrongful disclosures at the time they happened, because Plaintiff's prior criminal defense attorney had previously complained about the conduct of IRS Special Agent Shawn Batsch, to which her response was "I stand by my agents," in which case she was a co-conspirator; or, was made aware of this conduct through Plaintiff's current criminal defense attorney, William Sansone in his requests for *Brady* material, in response to which she completely denied any wrongdoing on the part of her agents and denied the request for *Brady* material, in which she is an accessory after-the-fact.

93.   The rogue agents have been violating federal law with full support of Assistant United States Attorney Rachelle Bedke.

94.   Unfortunately, when rogue agents are covered up by prosecutors, it is up for the courts to seek justice for Plaintiff.

**COUNT I**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States)**

95.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

96.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

97.   On an unknown date, in Newport Beach California, unknown IRS Special

20

**EXHIBIT C  020**

Agent 1, at the direction of IRS Special Agent Shawn Batsch, disclosed to Alan Haft that there was an ongoing criminal investigation of Plaintiff. The transcript of the interview of Alan Haft is attached as Exhibit A.

98. IRS Special Agent 1's disclosure that there was an ongoing criminal investigation of Plaintiff was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

99. The disclosure of return information by IRS Special Agent 1 was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

100. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

101. Defendant's knowing and willful inspection and disclosure to Alan Haft of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section

21

**EXHIBIT C  021**

6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 2
### VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

102.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

103.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

104.   On an unknown date, in Newport Beach California, unknown IRS Special Agent 1, at the direction of IRS Special Agent Shawn Batsch falsely asserted to Alan Haft that Plaintiff had entitled to himself to a $500,000 salary from the company FastLife.  The transcript of the interview of Alan Haft is attached as Exhibit A.

105.   IRS Special Agent 1's statements regarding Plaintiff's salary were a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

106.   The disclosure of return information by IRS Special Agent 1 was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

22

EXHIBIT C  022

107. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

108. Defendant's knowing and willful inspection and disclosure to Alan Haft of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 3
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

109. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

110. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

23

**EXHIBIT C  023**

111. On an unknown date, in Newport Beach California, unknown IRS Special Agent 1, at the direction of IRS Special Agent Shawn Batsch disclosed to Alan Haft that the Plaintiff had trouble paying bills that were owed to other people. A transcript of the interview of Alan Haft is attached as Exhibit A.

112. Unknown IRS Special Agent 1's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

113. The disclosure of return information by IRS Special Agent 1 was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

114. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

115. Defendant's knowing and willful inspection and disclosure to Alan Haft of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

24

**EXHIBIT C  024**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 4
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

116. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

117. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

118. On an unknown date, in Newport Beach California, unknown IRS Special Agent 1, at the direction of IRS Special Agent Shawn Batsch disclosed to Alan Haft the Plaintiff's Employment Agreement with FastLife. A transcript of the interview of Alan Haft is attached as Exhibit A.

119. IRS Special Agent 1's disclosure of Plaintiff's Employment Agreement is disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

25

EXHIBIT C 025

120. The disclosure of return information by IRS Special Agent 1 was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

121. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

122. Defendant's knowing and willful inspection and disclosure to Alan Haft of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 5**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States)**

26

**EXHIBIT C 026**

123.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

124.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

125.   On an unknown date, in Las Vegas, Nevada, unknown IRS Special Agents, at the direction of IRS Special Agent Shawn Batsch, disclosed in an interview of a FastLife independent contractor, Melissa Gomez, that Plaintiff paid back rent of $75,000 instead of paying her.

126.   The IRS Special Agents' disclosure of Plaintiff's rent payments, even though a false disclosure, is a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

127.   Not only was the information disclosed to Ms. Gomez return information as defined by Section 6103, but it was also a direct lie meant to inflame Ms. Gomez, who was still affiliated with the company at that time.

128.   The disclosure of return information by unknown IRS Special Agents was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

129.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

27

**EXHIBIT C  027**

130. Defendant's knowing and willful inspection and disclosure to Melissa Gomez of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 6
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

131. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

132. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

133. On September 26, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Terry Benham that Plaintiff had large federal tax

28

**EXHIBIT C  028**

liens against him. A memorandum summarizing the interview of Terry and Carol Benham is attached as Exhibit G.

134. All of the investments and insurance that Terry Benham bought through Plaintiff were purchased well before any tax liens existed, meaning that the disclosure of Plaintiff's tax liens could have no legitimate investigative purpose.

135. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

136. The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

137. This is an especially egregious violation of 26 U.S.C. Section 6103 that unquestionably amounts to felony violations of that statute by the agents involved.

138. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

139. Defendant's knowing and willful inspection and disclosure to Terry Benham of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure,

**EXHIBIT C  029**

or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 7
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

140. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

141. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

142. On September 26, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Carol Benham that Plaintiff had large federal tax liens against him. A memorandum summarizing the interview of Terry and Carol Benham is attached as Exhibit G.

30

**EXHIBIT C  030**

143. All of the investments and insurance that Carol Benham bought through Plaintiff were purchased well before any tax liens existed, meaning that the disclosure of Plaintiff's tax liens could have no legitimate investigative purpose.

144. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

145. The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

146. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

147. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

148. Defendant's knowing and willful inspection and disclosure to Carol Benham of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

31

**EXHIBIT C 031**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 8
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

149. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

150. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

151. On September 26, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Terry Benham that Plaintiff has civil judgments against him. A memorandum summarizing the interview of Terry and Carol Benham is attached as Exhibit G.

152. All of the investments and insurance that Terry Benham bought through Plaintiff were purchased well before any judgments existed, meaning that the

32

**EXHIBIT C  032**

disclosure of Plaintiff's civil judgments could have no legitimate investigative purpose.

153. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

154. The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

155. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

156. Defendant's knowing and willful disclosure to Terry Benham of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages,

33

EXHIBIT C 033

attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 9
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

157.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

158.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

159.   On September 26, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Carol Benham that Plaintiff has civil judgments against him. A memorandum summarizing the interview of Terry and Carol Benham is attached as Exhibit G.

160.   All of the investments and insurance that Carol Benham bought through Plaintiff were purchased well before any judgments existed, meaning that the disclosure of judgments against Plaintiff could have no legitimate investigative purpose.

161.   IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

34

**EXHIBIT C  034**

162. This disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

163. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

164. Defendant's knowing and willful disclosure to Carol Benham of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 10**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

35

**EXHIBIT C  035**

165. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

166. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

167. On October 2, 2019, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to George Kerckhove in a telephone call the existence of federal tax liens against Plaintiff. A memorandum summarizing the interview of George Kerckhove is attached as Exhibit H.

168. All of the investments and insurance that George Kerckhove made through Plaintiff were made well before any tax liens existed, meaning that the disclosure of tax liens against Plaintiff could have no legitimate investigative purpose.

169. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

170. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

36

**EXHIBIT C  036**

171. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

172. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

173. Defendants' knowing and willful disclosure to George Kerckhove of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate

**COUNT 11**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**

37

**EXHIBIT C   037**

**and Defendant Steven Howland)**

174.  This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

175.  Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

176.  On October 2, 2019, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to George Kerckhove in a telephone call the existence of civil judgments against Plaintiff. A memorandum summarizing the interview of George Kerckhove is attached as Exhibit H.

177.  All of the investments and insurance that George Kerckhove made through Plaintiff were made well before any civil judgments existed, meaning that the disclosure of civil judgments against Plaintiff could have no legitimate investigative purpose.

178.  IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

38

**EXHIBIT C  038**

179. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

180. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

181. Defendants' knowing and willful disclosure to George Kerckhove of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 12**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**

39

**EXHIBIT C 039**

**and Defendant Steven Howland)**

182. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

183. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

184. On November 3, 2020, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Jody Chapnick in a telephone call the existence of federal tax liens against Plaintiff. A memorandum summarizing the interview of Jody Chapnick is attached as Exhibit I.

185. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

186. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

187. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

**EXHIBIT C  040**

188.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

189.   Defendants' knowing and willful disclosure to Jody Chapnick of Plaintiff's return information renders the Defendant the United States,  Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 13**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

41

**EXHIBIT C  041**

190. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

191. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

192. On November 3, 2020, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Jody Chapnick in a telephone call the existence of civil judgments against Plaintiff. A memorandum summarizing the interview of Jody Chapnick is attached as Exhibit I.

193. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

194. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

195. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

42

**EXHIBIT C  042**

196. Defendants' knowing and willful disclosure to Jody Chapnick of Plaintiff's return information renders the Defendant the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

### COUNT 14
### VIOLATION OF 26 U.S.C. § 6103
**(against Defendant the United States,
Defendant the State of Florida,
and Defendant Steven Howland)**

197. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

43

**EXHIBIT C 043**

198.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

199.   On November 3, 2020, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Jody Chapnick in a telephone call that Plaintiff's company FastLife was under investigation in April 2018.  A memorandum summarizing the interview of Jody Chapnick is attached as Exhibit I.

200.   IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

201.   This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

202.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

203.   Defendants' knowing and willful disclosure to Jody Chapnick of Plaintiff's return information renders the Defendant, the United States,  Defendant the State of Florida and Defendant Stephen Howland liable  to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including

**EXHIBIT C  044**

statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 15**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

204.  This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

205.  Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

206.  On September 9, 2019, in The Villages, Florida, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Franklin Pasz

45

**EXHIBIT C  045**

the existence of federal tax liens against Plaintiff. A memorandum summarizing the interview of Franklin Pasz is attached at Exhibit J.

207. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

208. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

209. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

210. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

211. Defendants' knowing and willful disclosure to Franklin Pasz of Plaintiff's return information renders the Defendant the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting

46

**EXHIBIT C 046**

from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 16**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

212.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

213.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

214.   On September 9, 2019, in The Villages, Florida, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Franklin Pasz the existence of civil judgments against Plaintiff.  A memorandum summarizing the interview of Franklin Pasz is attached at Exhibit J.

47

**EXHIBIT C  047**

215. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

216. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

217. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

218. Defendants' knowing and willful disclosure to Franklin Pasz of Plaintiff's return information renders the Defendant the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages,

**EXHIBIT C  048**

attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 17**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

219. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

220. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

221. On October 22, 2019, in Lakewood Ranch, Florida, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Margo Post the existence of federal tax liens against Plaintiff. A memorandum summarizing the interview of Margo Post is attached as Exhibit K.

222. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

49

**EXHIBIT C 049**

223. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

224. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

225. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

226. Defendants' knowing and willful disclosure to Margo Post of Plaintiff's return information renders the Defendant the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

50

**EXHIBIT C 050**

**COUNT 18**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

227. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

228. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

229. On October 22, 2019, in Lakewood Ranch, Florida, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Margo Post that Plaintiff had a federal tax debt in excess of one million dollars. A memorandum summarizing the interview of Margo Post is attached as Exhibit K.

230. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

231. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

51

**EXHIBIT C  051**

232. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

233. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

234. Defendants' knowing and willful disclosure to Margo Post of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 19**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**

52

**EXHIBIT C  052**

**and Defendant Steven Howland)**

235. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

236. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

237. On October 22, 2019, in Lakewood Ranch, Florida, IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland disclosed to Margo Post that Plaintiff owed money to prior investors. A memorandum summarizing the interview of Margo Post is attached as Exhibit K.

238. IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

239. This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

240. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

53

EXHIBIT C 053

241. Defendants' knowing and willful disclosure to Margo Post of Plaintiff's return information renders the Defendant the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 20
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

242. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

243. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

54

EXHIBIT C 054

244. On November 22, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Angelo Scolieri that Plaintiff had large federal tax liens against him.  A memorandum summarizing the interview of Angelo and Kathleen Scolieri is attached as Exhibit L.

245.  IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

246.  The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

247.  This is an especially egregious violation of 26 U.S.C. Section 6103 that unquestionably amounts to felony violations of that statute by the agents involved.

248.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

249.  Defendant's knowing and willful inspection and disclosure to Angelo Scolieri of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure,

55

**EXHIBIT C  055**

or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 21**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States)**

250. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

251. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

252. On November 22, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Kathleen Scolieri that Plaintiff had large federal tax liens against him. A memorandum summarizing the interview of Angelo and Kathleen Scolieri is attached as Exhibit L.

56

**EXHIBIT C 056**

253. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

254. The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

255. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

256. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

257. Defendant's knowing and willful inspection and disclosure to Kathleen Scolieri of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages,

57

EXHIBIT C 057

attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 22
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

258.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

259.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

260.   On November 22, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Angelo Scolieri that Plaintiff has civil judgments against him. A memorandum summarizing the interview of Angelo and Kathleen Scolieri is attached as Exhibit L.

261.   IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

262.   The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

58

**EXHIBIT C  058**

263.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

264.  Defendant's knowing and willful disclosure to Angelo Scolieri of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 23
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

265.  This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

266.  Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

59

**EXHIBIT C  059**

267. On November 22, 2019, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Kathleen Scolieri that Plaintiff has civil judgments against him. A memorandum summarizing the interview of Angelo and Kathleen Scolieri is attached as Exhibit L.

268. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

269. This disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

270. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

271. Defendant's knowing and willful disclosure to Kathleen Scolieri of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

EXHIBIT C 060

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 24**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the State of Florida**
**and Defendant Steven Howland)**

272. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

273. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

274. On an unknown date on or before August 23, 2018, State of Florida OFR Agent Stephen Howland disclosed to Jerry Houchens that Plaintiff had federal tax liens against him. An affidavit the Defendant prepared for Jerry Houchens, in advance of meeting with him, is attached as Exhibit M.

275. State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

61

**EXHIBIT C  061**

276. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

277. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

278. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

279. Defendants' knowing and willful inspection and disclosure to Jerry Houchens of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 25
## VIOLATION OF 26 U.S.C. § 6103

62

**EXHIBIT C  062**

**(against Defendant the State of Florida
and Defendant Steven Howland)**

280.   This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

281.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

282.   On an unknown date on or before August 23, 2018, State of Florida OFR Agent Stephen Howland disclosed to Jerry Houchens that Plaintiff has civil judgments against him. An affidavit the Defendant prepared for Jerry Houchens, in advance of meeting with him, is attached as Exhibit M.

283.   State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

284.   The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

285.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

63

**EXHIBIT C   063**

286. Defendants' knowing and willful disclosure to Jerry Houchens of Plaintiff's return information renders the named liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 26
### VIOLATION OF 26 U.S.C. § 6103
(against Defendant the State of Florida
and Defendant Steven Howland)

287. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

288. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

64

**EXHIBIT C  064**

289.   On an unknown date on or before August 23, 2018, State of Florida OFR Agent Stephen Howland disclosed to Jerry Houchens Plaintiff's Compensation Agreement. An affidavit the Defendant prepared for Jerry Houchens, in advance of meeting with him, is attached as Exhibit M.

290.   State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

291.   The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, and served no investigative purpose.

292.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

293.   Defendants' knowing and willful disclosure to Jerry Houchens of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

**EXHIBIT C  065**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 27**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the State of Florida**
**and Defendant Steven Howland)**

294. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

295. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

296. On an unknown date on or before August 23, 2018, State of Florida OFR Agent Stephen Howland disclosed to Jerry Houchens Plaintiff's specific expenditures, including expenditures on groceries, restaurants, and medical expenses. An affidavit the Defendant prepared for Jerry Houchens, in advance of meeting with him, is attached as Exhibit M.

66

**EXHIBIT C 066**

297. At the time State of Florida OFR Agent Stephen Howland made this representation to Jerry Houchens, he knew that many of the referenced expenditures were for legitimate business purposes, such as grocery shopping that was done for the benefit of all employees as lunches and snacks and were provided at no cost to employees.

298. State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

299. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

300. Defendants' knowing and willful disclosure to Jerry Houchens of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section

67

**EXHIBIT C  067**

6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 28
### VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the State of Florida
### and Defendant Steven Howland)

301. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

302. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

303. On October 4, 2018, in Naples, Florida, State of Florida OFR Agent Stephen Howland disclosed to Ronald Casanova that Plaintiff had federal tax liens against him. A memorandum summarizing the October 4, 2018, interview of Ronald Casanova is attached as Exhibit N.

304. State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

68

**EXHIBIT C  068**

305. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

306. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

307. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

308. Defendants' knowing and willful inspection and disclosure to Ronald Casanova of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 29**
**VIOLATION OF 26 U.S.C. § 6103**

69

EXHIBIT C 069

**(against Defendant the State of Florida
and Defendant Steven Howland)**

309.   This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

310.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

311.   On October 4, 2018, in Naples, Florida, State of Florida OFR Agent Stephen Howland disclosed to Ronald Casanova that Plaintiff has civil judgments against him. A memorandum summarizing the October 4, 2018, interview of Ronald Casanova is attached as Exhibit N.

312.   State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

313.   The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

314.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

70

**EXHIBIT C  070**

315. Defendants' knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the named liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 30**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the State of Florida**
**and Defendant Steven Howland)**

316. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

317. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

**EXHIBIT C 071**

318. On October 4, 2018, in Naples, Florida, State of Florida OFR Agent Stephen Howland disclosed to Ronald Casanova Plaintiff's Compensation Agreement. A memorandum summarizing the October 4, 2018, interview of Ronald Casanova is attached as Exhibit N.

319. State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

320. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, and served no investigative purpose.

321. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

322. Defendants' knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

**EXHIBIT C  072**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 31
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the State of Florida
### and Defendant Steven Howland)

323. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

324. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

325. On October 4, 2018, in Naples, Florida, State of Florida OFR Agent Stephen Howland disclosed to Ronald Casanova Plaintiff's expenditures, including expenditures on groceries, restaurants, and medical expenses. A memorandum summarizing the October 4, 2018, interview of Ronald Casanova is attached as Exhibit N.

326. At the time State of Florida OFR Agent Stephen Howland made this representation to Ronald Casanova, he knew that many of the referenced expenditures

73

EXHIBIT C  073

were for legitimate business purposes, such as grocery shopping that was done for the benefit of all employees as lunches and snacks and were provided at no cost to employees.

327. State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

328. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

329. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

330. Defendants' knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section

74

EXHIBIT C  074

6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 32
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

331.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

332.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

333.   On May 24, 2019, in Naples, Florida, IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music disclosed to Ronald Casanova that Plaintiff was under investigation by the Internal Revenue Service. A memorandum summarizing the May 24, 2019, interview of Ronald Casanova is attached as Exhibit O.

334.   IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

335.   The disclosure of return information by IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

75

**EXHIBIT C   075**

336.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

337.  Defendant's knowing and willful inspection and disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 33
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

338.  This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

339.  Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

76

**EXHIBIT C  076**

340.   On May 24, 2019, in Naples, Florida, IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music disclosed Plaintiff's Compensation Agreement to Ronald Casanova.  A memorandum summarizing the May 24, 2019, interview of Ronald Casanova is attached as Exhibit O.

341.   IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

342.   The disclosure of return information by IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

343.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

344.   Defendant's knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

**EXHIBIT C  077**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 34
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

345.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

346.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

347.   On May 24, 2019, in Naples, Florida, IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music disclosed to Ronald Casanova Plaintiff's expenditures, including expenditures on groceries, restaurants, and medical expenses. A memorandum summarizing the May 24, 2019, interview of Ronald Casanova is attached as Exhibit O.

348.   At the time IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music made this representation to Ronald Casanova, they knew that many of the referenced expenditures were for legitimate business purposes, such as grocery

78

**EXHIBIT C  078**

shopping that was done for the benefit of all employees as lunches and snacks and were provided at no cost to employees. A memorandum summarizing the interview of Ronald Casanova, along an affidavit the Defendant prepared for Ronald Casanova, in advance of meeting with him, and that Ronald Casanova refused to sign, is attached as Exhibit M.

349. IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

350. The disclosure of return information by IRS Special Agent Lauren Kocinski and IRS Special Agent Michael Music was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

351. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

352. Defendant's knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

79

**EXHIBIT C  079**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 35**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States)**

353.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

354.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

355.   On November 22, 2019, in Naples, Florida, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Ronald Casanova that Plaintiff has federal tax liens against him.  A memorandum summarizing the November 22, 2019, interview of Ronald Casanova, along an affidavit the Defendants prepared for Ronald Casanova, in advance of meeting with him, and that Ronald Casanova refused to sign, is attached as Exhibit P.

**EXHIBIT C  080**

356. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

357. The disclosure of return information by IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

358. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

359. Defendant's knowing and willful inspection and disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

81

**EXHIBIT C 081**

## COUNT 36
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

360. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

361. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

362. On November 22, 2019, in Naples, Florida, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Ronald Casanova that Plaintiff has civil judgments against him. A memorandum summarizing the November 22, 2019, interview of Ronald Casanova, along an affidavit the Defendants prepared for Ronald Casanova, in advance of meeting with him, and that Ronald Casanova refused to sign, is attached as Exhibit P.

363. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

364. The disclosure of return information by IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

82

**EXHIBIT C  082**

365. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

366. Defendant's knowing and willful inspection and disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 37
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

367. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

83

**EXHIBIT C 083**

368.    Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

369.    On November 22, 2019, in Naples, Florida, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed Plaintiff's Compensation Agreement to Ronald Casanova.  A memorandum summarizing the November 22, 2019, interview of Ronald Casanova, along an affidavit the Defendants prepared for Ronald Casanova, in advance of meeting with him, and that Ronald Casanova refused to sign, is attached as Exhibit P.

370.    IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

371.    The disclosure of return information by IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

372.    Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

373.    Defendant's knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. §

84

**EXHIBIT C  084**

7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 38**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States)**

374. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

375. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

376. On November 22, 2019, in Naples, Florida, IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski disclosed to Ronald Casanova Plaintiff's expenditures, including expenditures on groceries, restaurants, and medical expenses. A memorandum summarizing the November 22, 2019, interview of Ronald Casanova,

85

**EXHIBIT C  085**

along an affidavit the Defendants prepared for Ronald Casanova, in advance of meeting with him, and that Ronald Casanova refused to sign, is attached as Exhibit P.

377. At the time IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski made this representation to Ronald Casanova, they knew that many of the referenced expenditures were for legitimate business purposes, such as grocery shopping that was done for the benefit of all employees as lunches and snacks and were provided at no cost to employees.

378. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

379. The disclosure of return information by IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

380. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

381. Defendant's knowing and willful disclosure to Ronald Casanova of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual

EXHIBIT C 086

damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 39
### VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States,
### Defendant the State of Florida,
### and Defendant Steven Howland)

382. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

383. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

384. On September 9, 2019, in The Villages, Florida, State of Florida OFR Agent Stephen Howland and an unknown IRS agent disclosed to Ivan D'Souza the existence of federal tax liens against Plaintiff. A memorandum summarizing the interview of Ivan and Susan D'Souza is attached as Exhibit Q.

87

**EXHIBIT C  087**

385.   State of Florida OFR Agent Stephen Howland and the unknown IRS agent's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

386.   This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

387.   This disclosure of return information by State of Florida OFR Agent Stephen Howland and that unknown IRS agent was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

388.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

389.   Defendants' knowing and willful disclosure to Ivan D'Souza of Plaintiff's return information renders the Defendant the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section

**EXHIBIT C   088**

6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 40
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland)

390.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

391.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

392.   On September 9, 2019, in The Villages, Florida, State of Florida OFR Agent Stephen Howland and an unknown IRS agent disclosed to Susan D'Souza the existence of federal tax liens against Plaintiff.   A memorandum summarizing the interview of Ivan and Susan D'Souza is attached as Exhibit Q.

393.   State of Florida OFR Agent Stephen Howland and the unknown IRS agent's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

89

**EXHIBIT C  089**

394. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

395. This disclosure of return information by State of Florida OFR Agent Stephen Howland and that unknown IRS agent was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

396. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

397. Defendants' knowing and willful disclosure to Susan D'Souza of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**EXHIBIT C  090**

## COUNT 41
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States,
### Defendant the State of Florida,
### and Defendant Steven Howland)

398.  This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

399.  Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

400.  On September 9, 2019, in The Villages, Florida, State of Florida OFR Agent Stephen Howland and an unknown IRS agent disclosed to Ivan D'Souza the existence of civil judgments against Plaintiff.  A memorandum summarizing the interview of Ivan and Susan D'Souza is attached as Exhibit Q.

401.  State of Florida OFR Agent Stephen Howland and the unknown IRS agent's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

402.  This disclosure of return information by IRS Special Agent Shawn Batsch and State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

91

**EXHIBIT C  091**

403. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

404. Defendants' knowing and willful disclosure to Ivan D'Souza of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 42**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

92

**EXHIBIT C 092**

405. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

406. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

407. On September 9, 2019, in The Villages, Florida, State of Florida OFR Agent Stephen Howland and an unknown IRS agent disclosed to Susan D'Souza the existence of civil judgments against Plaintiff. A memorandum summarizing the interview of Ivan and Susan D'Souza is attached as Exhibit Q.

408. State of Florida OFR Agent Stephen Howland and the unknown IRS agent's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

409. This disclosure of return information by State of Florida OFR Agent Stephen Howland and the unknown IRS agent was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

410. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

411. Defendants' knowing and willful disclosure to Susan D'Souza of Plaintiff's return information renders the Defendant, the United States, Defendant the State of

93

**EXHIBIT C 093**

Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

### COUNT 43
### VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the State of Florida
### and Defendant Steven Howland)

412. This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

413. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

414. On an unknown date on or before November 27, 2018, State of Florida OFR Agent Stephen Howland disclosed to Richard Figlio that Plaintiff had federal tax liens

94

EXHIBIT C  094

against him. An affidavit the Defendant prepared for Richard Figlio, in advance of meeting with him, is attached as Exhibit R.

415. State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

416. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

417. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

418. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

419. Defendants' knowing and willful inspection and disclosure to Richard Figlio of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

**EXHIBIT C  095**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 44
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the State of Florida and Defendant Steven Howland)

420.   This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

421.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

422.   On an unknown date on or before November 27, 2018, State of Florida OFR Agent Stephen Howland disclosed to Richard Figlio that Plaintiff has civil judgments against him.  An affidavit the Defendant prepared for Richard Figlio, in advance of meeting with him, is attached as Exhibit R.

423.   State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

96

EXHIBIT C  096

424. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

425. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

426. Defendants' knowing and willful disclosure to Richard Figlio of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 45**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the State of Florida**
**and Defendant Steven Howland)**

97

EXHIBIT C  097

427.   This is a claim pursuant to 26 U.S.C Section 7431(a)(2) against Defendant the State of Florida and Defendant Steven Howland for violation of 26 U.S.C. Section 6103.

428.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

429.   On an unknown date on or before November 27, 2018, State of Florida OFR Agent Stephen Howland disclosed to Richard Figlio Plaintiff's expenditures, including expenditures on groceries, restaurants, and medical expenses. An affidavit the Defendant prepared for Richard Figlio, in advance of meeting with him, is attached as Exhibit R.

430.   At the time State of Florida OFR Agent Stephen Howland made this representation to Richard Figlio, they knew that many of the referenced expenditures were for legitimate business purposes, such as grocery shopping that was done for the benefit of all employees as lunches and snacks and were provided at no cost to employees.

431.   State of Florida OFR Agent Stephen Howland's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

98

EXHIBIT C  098

432. The disclosure of return information by State of Florida OFR Agent Stephen Howland was willful and was made knowingly and/or negligently, and served no investigative purpose.

433. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

434. Defendants' knowing and willful disclosure to Richard Figlio of Plaintiff's return information renders the named Defendants liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 46**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

99

EXHIBIT C 099

435. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

436. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

437. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Paul Procops of Mergers & Acquisition Capital Services, LLC, Plaintiff's Compensation Agreement. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

438. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

439. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

**EXHIBIT C 100**

440. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

441. Defendants' knowing and willful disclosure to Paul Procops of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 47**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

101

**EXHIBIT C  101**

442. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

443. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

444. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Dan Baransky of Mergers & Acquisition Capital Services, LLC, Plaintiff's Compensation Agreement. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

445. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

446. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

102

**EXHIBIT C  102**

447. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

448. Defendants' knowing and willful disclosure to Dan Baransky of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 48**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

103

**EXHIBIT C  103**

449.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

450.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

451.   On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Jason Murgio of Mergers & Acquisition Capital Services, LLC, Plaintiff's Compensation Agreement.  A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

452.   State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

453.   This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

104

**EXHIBIT C  104**

454. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

455. Defendants' knowing and willful disclosure to Jason Murgio of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 49**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

105

**EXHIBIT C  105**

456.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

457.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

458.   On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Ralph Barbieri of Mergers & Acquisition Capital Services, LLC, Plaintiff's Compensation Agreement.   A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

459.   State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

460.   This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

**EXHIBIT C  106**

461. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

462. Defendants' knowing and willful disclosure to Ralph Barbieri of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 50**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

107

**EXHIBIT C  107**

463.    This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

464.    Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

465.    On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Monica Difiore of Mergers & Acquisition Capital Services, LLC, Plaintiff's Compensation Agreement.  A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

466.    State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

467.    This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

108

**EXHIBIT C  108**

468.   Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

469.   Defendants' knowing and willful disclosure to Monica Difiore of Plaintiff's return information renders the Defendant, the United States,  Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 51
VIOLATION OF 26 U.S.C. § 6103
(against Defendant the United States,
Defendant the State of Florida,
and Defendant Steven Howland)**

109

**EXHIBIT C  109**

470. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

471. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

472. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Paul Procops of Mergers & Acquisition Capital Services, LLC, that FastLife's bank account was commingled with the Plaintiff's personal expenses. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

473. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

474. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

110

**EXHIBIT C 110**

475.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

476.  Defendants' knowing and willful disclosure to Paul Procops of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 52**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

111

**EXHIBIT C  111**

477.    This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

478.    Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

479.    On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Dan Baransky of Mergers & Acquisition Capital Services, LLC, that FastLife's bank account was commingled with the Plaintiff's personal expenses. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

480.    State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

481.    This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

112

**EXHIBIT C  112**

482. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

483. Defendants' knowing and willful disclosure to Dan Baransky of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 53**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

113

**EXHIBIT C  113**

484. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

485. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

486. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Jason Murgio of Mergers & Acquisition Capital Services, LLC, that FastLife's bank account was commingled with the Plaintiff's personal expenses. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

487. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

488. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

114

**EXHIBIT C 114**

489. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

490. Defendants' knowing and willful disclosure to Jason Murgio of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 54**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

115

**EXHIBIT C  115**

491. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

492. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

493. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Ralph Barbieri of Mergers & Acquisition Capital Services, LLC, that FastLife's bank account was commingled with the Plaintiff's personal expenses. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

494. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

495. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

116

**EXHIBIT C  116**

496. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

497. Defendants' knowing and willful disclosure to Ralph Barbieri of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 55**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

117

**EXHIBIT C  117**

498. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

499. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

500. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Monica Difiore of Mergers & Acquisition Capital Services, LLC, that FastLife's bank account was commingled with the Plaintiff's personal expenses. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

501. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

502. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

118

**EXHIBIT C  118**

503. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

504. Defendants' knowing and willful disclosure to Monica Difiore of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 56**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

119

**EXHIBIT C  119**

505.  This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

506.  Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

507.  On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Paul Procops of Mergers & Acquisition Capital Services, LLC, that the accounting and bookkeeping for FastLife was delayed. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

508.  State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

509.  This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

**EXHIBIT C  120**

510. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

511. Defendants' knowing and willful disclosure to Paul Procops of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 57**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

121

**EXHIBIT C  121**

512. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

513. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

514. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Dan Baransky of Mergers & Acquisition Capital Services, LLC, that the accounting and bookkeeping for FastLife was delayed. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

515. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

516. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

122

**EXHIBIT C  122**

517.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

518.  Defendants' knowing and willful disclosure to Dan Baransky of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 58**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

123

**EXHIBIT C  123**

519. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

520. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

521. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Jason Murgio of Mergers & Acquisition Capital Services, LLC, that the accounting and bookkeeping for FastLife was delayed. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

522. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

523. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

124

**EXHIBIT C  124**

524. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

525. Defendants' knowing and willful disclosure to Jason Murgio of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 59**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

125

**EXHIBIT C  125**

526. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

527. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

528. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Ralph Barbieri of Mergers & Acquisition Capital Services, LLC, that the accounting and bookkeeping for FastLife was delayed. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

529. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

530. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

126

**EXHIBIT C  126**

531. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

532. Defendants' knowing and willful disclosure to Ralph Barbieri of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 60**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

127

**EXHIBIT C  127**

533.    This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

534.    Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

535.    On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Monica Difiore of Mergers & Acquisition Capital Services, LLC, that the accounting and bookkeeping for FastLife was delayed. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

536.    State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

537.    This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

**EXHIBIT C  128**

538.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

539.  Defendants' knowing and willful disclosure to Monica Difiore of Plaintiff's return information renders the Defendant, the United States,  Defendant the State of Florida and Defendant Stephen Howland liable  to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 61**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

129

**EXHIBIT C  129**

540. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

541. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

542. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Paul Procops of Mergers & Acquisition Capital Services, LLC, that FastLife's CFO did not have access to the business bank accounts and did not have signatory authority. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

543. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

544. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

130

**EXHIBIT C  130**

545.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

546.  Defendants' knowing and willful disclosure to Paul Procops of Plaintiff's return information renders the Defendant, the United States,  Defendant the State of Florida and Defendant Stephen Howland liable  to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 62**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

131

**EXHIBIT C  131**

547. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

548. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

549. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Dan Baransky of Mergers & Acquisition Capital Services, LLC, that FastLife's CFO did not have access to the business bank accounts and did not have signatory authority. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

550. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

551. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

132

**EXHIBIT C 132**

552. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

553. Defendants' knowing and willful disclosure to Dan Baransky of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 63**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

133

**EXHIBIT C  133**

554.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

555.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

556.   On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Jason Murgio of Mergers & Acquisition Capital Services, LLC, that FastLife's CFO did not have access to the business bank accounts and did not have signatory authority.  A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

557.   State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

558.   This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

134

**EXHIBIT C  134**

559.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

560.  Defendants' knowing and willful disclosure to Jason Murgio of Plaintiff's return information renders the Defendant, the United States,  Defendant the State of Florida and Defendant Stephen Howland liable  to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 64**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

135

**EXHIBIT C  135**

561.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

562.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

563.   On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Ralph Barbieri of Mergers & Acquisition Capital Services, LLC, that FastLife's CFO did not have access to the business bank accounts and did not have signatory authority.  A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

564.   State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

565.   This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

**EXHIBIT C  136**

566. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

567. Defendants' knowing and willful disclosure to Ralph Barbieri of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 65**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

137

**EXHIBIT C 137**

568. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

569. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

570. On April 21, 2020, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Monica Difiore of Mergers & Acquisition Capital Services, LLC, that FastLife's CFO did not have access to the business bank accounts and did not have signatory authority. A memorandum summarizing the interview of Paul Procops, Dan Baransky, Jason Murgio, Ralph Barbieri, and Monica Difiore, all of Mergers & Acquisition Capital Services, LLC, is attached as Exhibit S.

571. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

572. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

138

**EXHIBIT C   138**

573. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

574. Defendants' knowing and willful disclosure to Monica Difiore of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 66**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

139

**EXHIBIT C  139**

575. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

576. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

577. On September 9, 2019, in Tampa, Florida, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Alexander Rosemurgy Plaintiff's Compensation Agreement. A memorandum summarizing the interview of Alexander Rosemurgy is attached as Exhibit T.

578. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

579. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

580. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

**EXHIBIT C  140**

581. Defendants' knowing and willful disclosure to Alexander Rosemurgy of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 67**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

582. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

141

**EXHIBIT C  141**

583. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

584. On September 9, 2019, in Tampa, Florida, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Alexander Rosemurgy that Plaintiff has civil judgments against him. A memorandum summarizing the interview of Alexander Rosemurgy is attached as Exhibit T.

585. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

586. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

587. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

588. Defendants' knowing and willful disclosure to Alexander Rosemurgy of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c),

**EXHIBIT C  142**

including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 68**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States,**
**Defendant the State of Florida,**
**and Defendant Steven Howland)**

589. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) and 7431(a)(2) against Defendant the United States, Defendant the State of Florida, and Defendant Steven Howland, for violation of 26 U.S.C. Section 6103.

590. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

591. On September 9, 2019, in Tampa, Florida, State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch disclosed to Alexander

143

**EXHIBIT C 143**

Rosemurgy that Plaintiff has tax liens against him. A memorandum summarizing the interview of Alexander Rosemurgy is attached as Exhibit T.

592. State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

593. This disclosure of return information by State of Florida OFR Agent Stephen Howland and IRS Special Agent Shawn Batsch was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

594. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

595. Defendants' knowing and willful disclosure to Alexander Rosemurgy of Plaintiff's return information renders the Defendant, the United States, Defendant the State of Florida and Defendant Stephen Howland liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1) and (2), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

144

**EXHIBIT C  144**

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendants violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**COUNT 69**
**VIOLATION OF 26 U.S.C. § 6103**
**(against Defendant the United States)**

596.   This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

597.   Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

598.   On September 13, 2019, in Naples, Florida, IRS Special Agent Lauren Kocinski and IRS Special Enforcement Program Agent Julie Beasley disclosed to Seymour Olitsky Plaintiff's Compensation Agreement.  A memorandum summarizing the interview of Seymour and Judy Olitsky is attached as Exhibit U.

599.   All of the investments that the Olitskys made with Plaintiff were purchased well before FastLife existed, meaning that the disclosure of Plaintiff's Compensation Agreement could have no legitimate investigative purpose.

145

**EXHIBIT C  145**

600.  IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

601.  The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

602.  This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

603.  Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

604.  Defendant's knowing and willful inspection and disclosure to Seymour Olitsky of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages,

146

**EXHIBIT C  146**

attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

## COUNT 70
## VIOLATION OF 26 U.S.C. § 6103
### (against Defendant the United States)

605. This is a claim pursuant to 26 U.S.C Section 7431(a)(1) against Defendant the United States for violation of 26 U.S.C. Section 6103.

606. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 94, as if fully set forth herein.

607. On September 13, 2019, in Naples, Florida, IRS Special Agent Lauren Kocinski and IRS Special Enforcement Program Agent Julie Beasley disclosed to Judy Olitsky Plaintiff's Compensation Agreement. A memorandum summarizing the interview of Seymour and Judy Olitsky is attached as Exhibit U.

608. All of the investments that the Olitskys made with Plaintiff were purchased well before FastLife existed, meaning that the disclosure of Plaintiff's Compensation Agreement could have no legitimate investigative purpose.

609. IRS Special Agent Shawn Batsch and IRS Special Agent Lauren Kocinski's disclosure as described above was a disclosure of "return information," as defined by 26 U.S.C. Section 6103(b), in violation of 26 U.S.C. Section 6103(a).

147

**EXHIBIT C  147**

610. The disclosure of return information by IRS Special Agents Batsch and Kocinski was willful and was made knowingly and/or negligently, served no investigative purpose, and violated the IRS CID Manual.

611. This is an especially egregious violation of 26 U.S.C. Section 6103 that amounts to a felony violation of that statute by the agents involved.

612. Collectively, Defendants' disclosures of return information resulted in the destruction of Plaintiff's business.

613. Defendant's knowing and willful inspection and disclosure to Judy Olitsky of Plaintiff's return information renders the Defendant, the United States, liable to Plaintiff, pursuant to 26 U.S.C Section 7431(a)(1), for damages as provided in 26 U.S.C. § 7431(c), including statutory damages in the amount of $1,000 per disclosure, or actual damages resulting from the disclosure in an amount to be determined by a jury, punitive damages, attorney's fees, and costs of this action.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor finding that Defendant violated 26 U.S.C. Section 6103(a); awarding Plaintiff statutory and/or actual damages, punitive damages, attorneys' fees and costs, and all such further relief that this Court deems necessary or appropriate.

**EXHIBIT C  148**

## PRAYER FOR RELIEF

In the counts above, plaintiff alleges and respectfully points out that these bad acts were intentional violations of 26 U.S.C. Section 6103, serving no investigative purpose except to inflame witnesses and defame Plaintiff. These wrongful return information disclosures were intentional, willful, grossly negligent and as such plaintiff should be awarded compensatory damages statutory attorney's fees and costs, and punitive damages on each count. Plaintiff also asks that the court refer the agents involved to the Department of Justice for criminal prosecution. Plaintiff also requests trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Respectfully Submitted,

/s/ Phillip R. Wasserman
Phillip R. Wasserman
5960 Clark Center Ave.
Sarasota, FL 34238
Email: pwasserman@aol.com
Phone: 941-726-3183
*Pro Se Plaintiff*

149

**EXHIBIT C  149**