IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Phillip Wasserman,

     Plaintiff,

vs.                          Case no. 6:25-cv-2498-AGM-RMN

Rachelle Bedke, et al.,

     Defendants.

_____/

**DEFENDANT RACHELLE BEDKE'S OPPOSITION
TO MOTION FOR DEFAULT**

Defendant, Rachelle Devaux Bedke makes a limited special appearance because service of process has not been properly perfected under Fed.R.Civ.P. 4(i).  Without waiving any claim or defense in this matter, and specifically preserving her right to contest personal jurisdiction in this matter, Ms. Bedke opposes the plaintiff's motion for default on the following grounds.

Memorandum of Law

This case was filed on December 29, 2025 by the plaintiff, Phillip Wasserman, a convicted felon currently serving 180 months in prison for federal fraud and tax related offenses.  Doc. 1.  The case was dismissed sua sponte on December 31, 2025, and the plaintiff was given until January 9,

2026 to amend.  Doc. 2.  Over a month after that deadline passed, the plaintiff asked for an extension of time to amend, Doc. 7, which was granted.  Doc. 8. The plaintiff filed an amended complaint on March 20, 2026.  Doc. 10.  Ms. Bedke was served with the amended complaint at her house on May 28, 2026. Doc. 44.  The plaintiff filed a motion to default on July 22, 2026, asserting that "[Ms.] Bedke is a former Assistant United States Attorney" and "Bedke's 21 days have long since expired."  Doc. 52.

The Court should deny the motion for default for numerous reasons. First, it was filed without complying with the meet and confer requirements of Local Rule 3.01(g).  This Court has repeatedly held that there is no exception in that local rule for motions for default.  *Dimanche v. Jackson*, case no. 6:22-cv-2073-CEM-DCI, 2024 WL 579202 at *1 (M.D. Fla. Feb. 13, 2024); *Moore v. Adventist Health System*, Case no. 6:23-cv-1163-PGB-DCI, 2024 WL 3561106 at *1 (M.D. Fla. May 14, 2024); *Esprit Stones Private Ltd. v. Rio Stone Group, Inc.*, Case no. 6:19-cv-737-Orl-41LRH, 2020 WL 10318553 at *1 (M.D. Fla. June 15, 2020).

Second, and more fundamentally, there is no current time for Ms. Bedke (or any other federal defendant) to respond to the amended complaint, as the plaintiff has not perfected service as required by Fed.R.Civ.P. 4(i). Specifically, the plaintiff has not served either the United States Attorney or

the Attorney General.  See Fed.R.Civ.P. 4(i)(3).  The Court lacks personal jurisdiction over Ms. Bedke until such time as these mandatory service requirements are met.  *Fuqua v. Turner*, 996 F.3d 1140, 1156 (11th Cir. 2021). Worse, the time for perfecting service lapsed on June 18, 2026, ninety days after the filing of the amended complaint.  Fed.R.Civ.P. 4(m) unmistakably requires that this case "must be dismissed" for failure to meet the service deadline.

Finally, the motion for default flatly misunderstands the response deadline for a former federal employee.  Presuming there were no service defect under Rule 4(i), Ms. Bedke would have 60 days to respond to a complaint (not 21 days, as Wasserman contends).  See Fed.R.Civ.P. 12(a)(3).

For all the foregoing reasons, the Court should reject the motion for default and dismiss this case.

### Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which

I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/Lacy R. Harwell, Jr.*
Lacy R. Harwell, Jr.
Assistant United States Attorney
Fla. Bar No. 714623
Lead counsel
Office of the U.S. Attorney, M.D. Fla.
400 N. Tampa Street, Suite 3200

Tampa, FL  33602
(813) 274-6000
randy.harwell@usdoj.gov

*Attorneys for Defendant Rachelle Bedke*

CERTIFICATE OF SERVICE

On July 23, 2026, I certify that I have caused a true and correct copy of the foregoing to be filed using the Court's CM/ECF filing system, which will send an electronic notice of filing.

I further hereby certify that on July 23, 2026, I caused a true copy of the foregoing to be furnished by United States mail, first class postage prepaid, upon:

Phillip Wasserman
#73654-018
FCC Coleman
P.O. Box 1027
Coleman, FL  33521

*/s/ Lacy R. Harwell, Jr.*
Lacy R. Harwell, Jr.
Assistant United States Attorney