**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PHILLIP R. WASSERMAN,**

     **Plaintiff,**

    **v.**                           **Case No.:  6:25-cv-02498-AGM-RMN**

**RACHELLE BEDKE, RACHEL**
**JONES, GABRIEL ACOSTA,**
**STEPHEN HOWLAND, ADAM**
**ALLEN, LAUREN KOCZINSKY,**
**SEAN BATSCH, AND KENNETH**
**ROSSMAN,**

     **Defendants.**

---

**ORDER**

THIS CAUSE comes before the Court upon *sua sponte* review of the file.  For the reasons stated below, this case is dismissed, but the dismissal is stayed for thirty days to allow Plaintiff Phillip R. Wasserman to secure counsel.

Mr. Wasserman brings this suit following his conviction and sentence in an underlying criminal case *United States of America v. Phillip Roy Wasserman*, No. 8:20-cr-CEH-NHA (M.D. Fla. Jan. 31, 2024), for which Mr. Wasserman was convicted of numerous counts of wire fraud and mail fraud, conspiracy to commit wire fraud and mail fraud, and tax evasion.  Mr. Wasserman sues the following individuals that he alleges were involved in his criminal case: the Florida Office of Financial Regulation and the United States Internal Revenue Service investigators, the United States Attorney's Office prosecutors, Mr. Wasserman's co-defendant, and counsel for Mr. Wasserman's co-defendant.

Early in this litigation, the Court warned the Parties that "[f]ailure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." (Doc. # 3.)

On June 26, 2026, the Court entered its Standing Order Requiring Disclosure of Use of Artificial Intelligence (the "AI Standing Order") (Doc. # 18). The AI Standing Order requires that a litigant who uses artificial intelligence to include the following certification, verbatim, in every filing:

> I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: [insert description]. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

(Doc. # 4 at 5.) Thereafter, Mr. Wasserman filed a Consolidated Response in Opposition to Motion to Transfer and Motion to Dismiss (Doc. # 49; the "Response"). The Response failed to comply with the AI Standing Order and Middle District of Florida Local Rule 1.08. The Court entered an order striking the Response and advised that, "repeated non-compliance with procedural rules and Court Orders is a basis on which the case may be dismissed, Mr.

2

Wasserman is directed to the resources for pro se litigants available on the Middle District of Florida's website under the 'For Litigants' and 'Litigants Without Lawyers' tabs."  (See Doc. # 51.)

The next day, Mr. Wasserman filed a Motion for Default Judgment (Doc. # 52; the "Motion for Default"), which, like the Response, failed to comply with the AI Standing Order and Local Rule 1.08.  It additionally failed to contain a legal memorandum as required by Local Rule 3.01(b) or a certificate of conferral as required by Local Rule 3.01(g).

Subsequently, Mr. Wasserman filed a Motion for Extension of Time to File a Response to Defendant Acosta's Motion to Dismiss (Doc. # 58) and a Motion for Sanctions (Doc. # 57).  Both Motions also failed to comply with the AI Standing Order and Local Rules 1.08, 3.01(b), (g).

The Middle District of Florida is one of the busiest United States District Courts in the nation.  The expenditure of finite time and resources to address non-compliance with procedural rules and orders must be minimized because allowing such conduct impedes the administration of justice.  As the Eleventh Circuit has noted, the "'wasting [of] scarce judicial and parajudicial resources . . . impedes the due administration of justice' and, in a very real sense, amounts to obstruction of justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (quoting *United States v. Silverman*, 745 F.2d 1386, 1395 (11th Cir. 1984)).  Consequently, "[f]ederal courts have the inherent authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *See Trump v. Clinton*, 161 F.4th 671, 688 (11th Cir. 2025) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).  The Court may also *sua sponte* dismiss a claim for failure to obey court orders and rules pursuant to Federal Rule of Civil

Procedure 41(b).  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  And although dismissal "is a severe sanction, its imposition is justified when a party chooses to disregard the sound and proper directions of the district court." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).

Here, dismissal is appropriate and this case will be dismissed.  However, the Court in its discretion will stay this case for thirty days before the dismissal takes effect.  This thirty-day period is intended to provide Mr. Wasserman a reasonable opportunity to secure counsel and have counsel enter an appearance on his behalf.  If counsel appears on Mr. Wasserman's behalf within that time, the stay will be lifted and the Court will set aside this dismissal.  However, in the interest of the fair, impartial, and speedy administration of justice for all litigants, Mr. Wasserman will not be permitted to litigate this case on his own behalf and if no counsel appears on his behalf in this case within the next thirty days, the dismissal will take effect.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. This case will be dismissed after thirty days, unless counsel enters an appearance on behalf of Mr. Wasserman;

2. This case is **STAYED** for thirty days, to give Mr. Wasserman an opportunity to secure counsel;

3. The stay will be lifted upon the filing of a Notice of Appearance by counsel on Mr. Wasserman's behalf;

4. Mr. Wasserman is directed to review the Court's resources for pro se litigants, including the Florida Bar lawyer referral hotline, which can be called at 1-800-342-

8011, and the Florida Bar's legal aid directory for obtaining *pro bono* representation, which can be found at https://www.floridabar.org/public/consumer/pamphlet022/#where; and

5. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case during the pendency of the stay and **TERMINATE** all pending motions.

**DONE** and **ORDERED** in Chambers in Orlando, Florida, on this August 4, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**Copies Furnished To:**
Pro se party
Counsel of Record

5