United States District Court
Middle District of Florida
Orlando Division

Phillip Roy Wasserman

V.

Bedke, et al
Case Number 6:25-cv-024987-AGM-RMN

Response to Defendant Acosta's Motion to Dismiss

First, Plaintiff is pro-se and and notifies this Honorable Court that he is incarcerated and this is the only size and type font he has access to.
Plaintiff received Defendant Acosta's motion to dismiss on July 17,2026.

Plaintiff responds to Defendant Acosta's motion to dismiss and states as follows:

I. RELEVANT ALLEGATIONS AND RECORD
 The Amended Complaint identifies Acosta as the manager of the Tampa office of the Florida Office of Financial Regulation (OFR)). Doc ,10 at 2, para. 10. It names Acosta in the qualified -immunity allegation and includes him through allegations directed to "all defendants" in Counts 2 and 4 and to all defendants except Allen and Rossman in Count 3. Id. at 2-5, paras. 7,25,34,37,39,45-52 . Acosta therefore overstates the record when he says that he is mentioned only in the defendant list not in any count. Doc34 at 10.The present allegations concerning him are collective but specific in the fact that he had knowledge of unlawful activities and participated in their cover-up.
Acosta relies on two earlier proceedings. The first is United States v. Wasserman, No. 8:20-cr-207-CEH-NHA. The second proceeding is Wasserman v. United states, et al., No.8:21-cv-TPB-SPF.(Currently on appeal). That action contained seventy(70) counts under  26 U.S.C. sections 6103 and 7431 concerning alleged disclosure of tax-return information.. Doc. 34-3,Doc.34-4 at 4. Acosta was not a defendant , and the September 8,2025 summary-judgement order resolved whether particular disclosures were prohibited by section 6103 and whether the named defendants could be liable under section 7431.Doc. 34-4. It did not decide nor even discuss or allege whether Acosta joined an agreement concerning Rossman's mental health, the FBI, or racketeering. NO allegation of conspiracy was ever part of the case whatsoever.

II. GOVERNING STANDARD
 A Complaint must contain enough factual matter, accepted as true, to state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662,678-79(2009). Legal conclusions and labels do not receive a presumption of truth. Id. Pro se pleadings are construed liberally, but a court cannot supply facts or claims that were not pleaded.
Issue preclusion is much narrower than Acosta suggests. It applies only when:(1) the issue is identical to the issue in the earlier litigation; (2) the issue was actually litigated;(3)deciding the issue was critical and necessary to the earlier judgement; and (4) the party against whom preclusion is asserted had a full and fair opportunity to litigate it. Kordash v. United States, 51 F. 4th 1289,1294(11th Cir. 2022). An issue is actually litigated only if it was properly raised, submitted for determination, ad determined. Id. at 1295.

Plaintiff  lists the related cases as follows:
a-8:20-CR-207-CEH--The criminal case of which Plaintiff was convicted-There is a pending second Rule 33 motion  in this matter related to newly discovered cumulative evidence of Rossman and FBI Joint Task Force non-disclosure;
b-The direct appeal of Plaintiff's conviction-case number---24-10389
this appeal has been pending since final briefing sixteen(16) months and six (6) months since oral argument. The Rossman non -disclosure issue is a component of this appeal;
c- An appeal of Plaintiff's first Rule 33 motion-Case number-26-11186
This has been briefed by Plaintiff and he is awaiting the Government response
d-A pending 2241 Habeas motion in Ocala regarding Plaintiff's claim of absolute innocence tied to the constitution violations of Brady and Napue by the Government; case number  5:26-cv-243-JBL-PRL

e-The appeal of the disclosure of tax return information-
it should be noted that in none of this litigation cases listed above have plaintiff's pleadings or allegations been deemed frivolous by any Court.
f-Defendant was the supervisor of Defendant Howland- who admitted under oath that he intentionally did not reveal the evidence of the FBI investigation and refusal to take the case. Not only was this exculpatory, but Howland was part of a Joint Task Force with the FBI and IRS and unknown other agencies that neither he or former IRS agent Batsch ever mentioned during their testimony at trial about the origins of the case or in their Depositions. This information about the Task Force was obtained recently from The United States.

3- The Allegations in Plaintiff's complaint are specific and supported by written facts and sworn testimony. Acosta was aware of the Task Force, the refusal of the FBI to prosecute Plaintiff, and has in his possession exculpatory evidence relating to these issues. However, Plaintiff's guilt or innocence is not the issue of this case. This case is about corrupt government officials, including Acosta, believing they are above the law and violating the law . It is equivalent to corrupt cops planting drugs or other evidence. Nothing in this case has any bearing on Plaintiff's other cases or his wrongful conviction.

INTRODUCTION

Defendant Acosta's motion attempts to resolve disputed factual issues at the pleading stage while disregarding the well-established Rule 12(b)(6) standard requiring the Court to accept Plaintiff's well-pleaded factual allegations as true and draw every reasonable inference in plaintiff's favor. The Defendant ignores the factual allegations incorporated throughout the Amended Complaint and its attached exhibits, instead attempting to characterize them as conclusory.
Defendant cites four(4) areas of fact and law and Plaintiff shall address them in order.

!- COLLATERAL ESTOPPEL DOES NOT SUPPORT DISMISSAL

Plaintiff learned of the conspiracy to cover up the FBI refusal to take the case after his initial appellate brief was filed. There is far from a final resolution on any of Plaintiff's claims as his criminal case is now pending in three (3) separate courts. What is worse is that Defendant's motion outright commits' a fraud on the Court by claiming that the civil case of violation of 26 U.S.C.6103 alleged a conspiracy, as the complaint did no such thing. It was a violation of 26 U.S.C.6103 return information disclosure and Acosta was not a defendant nor any part of that litigation.
The issues Plaintiff has raised have not been raised and disposed of. Current issues , except for the original direct appeal brief, are brought about because of the newly discovered evidence of Howland and Batsch's fraud and perjury upon the original Court.
Acosta was Howland's direct supervisor. At best he is guilty of negligent supervision of his employee, at worst a vital cog in the conspiracy to frame Plaintiff. The discovery to be obtained will surely prove that out. There is no dispute Howland reported to him and Acosta was well aware of Howland's illegal actions. His knowledge of such and failure to act makes him a direct co-conspirator. Furthermore there is no official exception for being aware of criminal activity or violation of the law and claiming it was part of his(Acosta's) official duties.
Acosta equates a shared factual background with identity of issues. This is not the governing test. The 2021 civil action decided whether identified disclosures constituted unauthorized disclosures of return information, and whether the named defendants were liable under sections 6103 and 7431. The judgement did not determine any act by Acosta, any agreement involving Acosta, Rossman's mental health condition, the legal significance of the FBI's nonparticipation outside the specific Brady/Giglio ruling, or the elements of a civil RICO claim. The absence of Acosta from the earlier suit is not by itself dispositive, but the the absence of an identical, actually decided issue is. See Kordash at 1294-95.
The criminal order warrants a narrower analysis. It actually decided that the FBI-related material identified in the Rule 33 motion did not establish a Brady or Giglio violation because the motion identified no specific suppressed item and the alleged omission was not false or material. Doc.34-2 at 3-5. Plaintiff does not ask this Court to disregard that ruling. But the order did not decide whether Acosta took or agreed to take any action. Nor did it decide the Rossman mental-health issue on the merits. The jurisdiction/fraud on the court motion that referenced Rossman's condition was dismissed because the appeal was pending. Id.at 8-9.A jurisdictional dismissal without a merits determination cannot establish that the underlying factual issue was actually determined and necessary to the judgement.
Accordingly, the Court should reject Acosta's request to treat both earlier cases as a categorical bar to all claims against him.

2-The Heck Doctrine

Heck v. Humphry,512 U.S. 477,486-87(1994),bars a damages claim only when success would necessarily imply the invalidity of an outstanding conviction or sentence. The Eleventh Circuit requires logical necessity: if a construction of the facts would permit the civil claim and conviction both to stand, Heck does not bar the claim. Dixon v. Hodges, 887 F.3d 1235,1238040(11th Cir. 2018). Thus, factual overlap alone is insufficient.

Acosta does not perform that count-by-count analysis or identify the elements of any conviction that would be logically contradicted by a ruling against him. That omission defeats his request for a categorical dismissal with prejudice.

The Heck doctrine is wrongly misapplied by the Defendant. Plaintiff is not using his civil claims here to challenge the validity of any criminal conviction. Those challenges are for other Courts. Success on the particular damages theory does not require a finding that the conviction was unlawfully obtained.

The proper disposition of a Heck-barred damages claim is dismissal without prejudice. Abella v. Rubino, 63 F.3d 1063,1065-66 (11th Cir. 1995).That claim does not accrue until the conviction or sentence has been invalidated. Id. The Court should therefore reject Acosta's undifferentiated request to dismiss the entire Amended Complaint, and if Heck controls any claim against him (which it does not), specify the affected claim and dismiss without prejudice.

This case is about Libel,Conspiracy and Civil RICO. It is based on the sworn testimony of Defendant's Allen, Bedke and Howland. There is nothing to be discovered here that can have any further affect on Plaintiff's conviction. What Plaintiff believes Acosta is concerned with is that discovery will prove though written memorandums and further testimony, that he, Acosta, was a direct participate in the conspiracy and RICO actions.

The claims of hiding Rossman's mental illness arose after trial and are a claim on direct appeal. The claims of the cumulative evidence of the newly discovered evidence of the FBI refusal to intervene are still pending before the original trial court. Defendant ignores the concept of newly discovered evidence-flowing from his own employee.

Defendant's position is basically-"yes we lied and cheated" but too bad, ignoring the fact that the trial court, the appellate Court and the District Court in Ocala are all processing part or all of these claims. Plaintiff then rearises the issue that Plaintiff's claims are conclusory, ignoring the fact that they are specific and substantiated by sworn testimony of multiple defendants.

Nothing in Plaintiff's complaint or any actions or results of this case serve to undermine his conviction. This is a fact driven case that a jury will need to decide.

## ACOSTA HAS NOT ESTABLISHED QUALIFIED IMMUNITY ON THE THEORY PRESENTED

Acosta states that qualified immunity applies because plaintiff did not allege that Acosta acted outside the scope of employment or in poor faith. Doc. 34 at 14. That reverses the threshold burden and invokes a subjective good-faith concept that is not the governing test. The official first must show that the challenged conduct occurred within his discretionary authority. Only then does the burden shift to the Plaintiff to show a violation of clearly established law. Harbert International, Inc. v. James, 157 F.3d 1271,1281-82(11th Cir. 1998). A bald assertion that conduct dell within official duties is insufficient. Id. at 1282.

Acosta identifies his title but no challenged act,duty, or objective circumstance showing that the alleged conduct was undertaken in performing his duties and within the scope of his authority. He cannot simultaneously insist that no conduct by him is alleged and establish that the unidentified conduct fell within his discretionary authority merely from his job title. The qualified-immunity request should therefore be denied on the present showing,

## ACOSTA HAS BEEN INCLUDED IN COUNTS

Acosta is wrong that the complaint never includes him in a count. Counts 2 and 4 expressly sue "all defendants" and Count 3 sues all defendants other than Allen and Rossman. Doc. 10 at paras.25,34,37,39,45.

## CONCLUSION

If the Court finds a dismissal rets on any pleading defects, it should be without prejudice. a pro se plaintiff ordinarily must receive at least one meaningful opportunity to cure a complaint when more specific allegations might state a claim. Woldeab v. DeKalb County Board of Education, 885 F. 3d 1289, 1291-92(11th Cir. 2018).

The Court should deny Acosta's request for categorical dismissal based on collateral estoppel and should deny qualified immunity on the undeveloped showing in the motion. Heck does not apply because no success would logically require invalidation of Plaintiff's conviction. If the Court dismisses any claim under Heck, Rule 8, or Rule 12(b)(6), the dismissal should be without prejudice.

Respectfully Submitted, this _____3_____ day of August, 2026.

Phillip Roy Wasserman
#73653-018
FCC Coleman Camp
P.O.Box 1027
Coleman, Florida 33521
Plaintiff, pro se

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following was Legal Research and formatting. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably sound for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 and understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing, I am the person that will be held responsible for its contents even if it was prepared by someone else, and that I am familiar with the sanctions available for violations of Rule 11. If this certification made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for a criminal prosecution if the statements I make here are false.

Phillip Roy Wasserman          Dated August 3, 2026

CERTIFICATE OF SERVICE

I certify that on _____Aug   3_____, 2026, I placed a true and correct copy of the foregoing in the institution's legal-mail system, with first-class postage prepaid, addressed to:

Lydon William Schultz
Assistant Attorney General
Office of the Attorney General
Civil Litigation Central
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607

Phillip R. Wasserman

Phillip ROY Wasserman
#73653-018
FCC- Coleman Low
PO Box 1027
Coleman, FL
                33521

TAMPA FL 335
SAINT PETERSBURG FL
4 AUG 2026  PM 8  L
FOREVER USA

CLERK
US DIST COURT
401 W. Central Blvd
Suite 1200
Orlando, FL
                32801

32801-012000

